### JOHN M. SMITH ET AL. v. JAMES B. LEE ET AL.

#### No. 6941.

1. **Judgment—Construction.**—Lee and wife executed a title bond for land. On face of it was recited that the obligors had but an undivided half interest. In a partition suit with conflicting claimants in which obligors and obligee in the bond were parties decree was rendered that defendants recover one-half of the land, and in partition that the subject of the title bond be allotted to defendants. In the partition upon the map made by the surveyor, and forming part of the decree, that tract was designated, but the designation was in conflict with recitals in the report which was confirmed. *Held:*

1. That the effect of the decree was simply to recognize whatever rights may have existed at the time in said tract, and not a further adjudication as between the defendants (the obligors and obligee) in the bond.

2. The decree, however, was such a recognition of the relations between them in the land as to stop the bar of limitations between them.

3. The meaning of the decree being clear, it was improper to admit parol evidence as to its intent and purpose.

2. **Limitation.**—A vendor entering upon land under an executory title holds by consent and can not plead limitation until he shows a repudiation of the contract under which he entered.

ERROR from Bexar. Tried below before Hon. G. H. NOONAN. The opinion states the case.

*Simpson & James* and *S. G. Newton*, for plaintiffs in error.—1. A judgment of a court of competent jurisdiction can not be contradicted in a collateral proceeding, and when judgment is entered up by agreement parol evidence of what the agreement or understanding was, different from that expressed in the judgment, should not be heard in a collateral attack. Freem. on Judg., secs. 132, 330; 1 Greenl. on Ev., sec. 296a, Redf. ed.; Frisby v. Withers, 61 Texas, 135; Brownsville v. Basse, 43 Texas, 448.

2. A judgment, like other writings, should be construed so as to give effect to all its parts if possible. If the terms of the judgment are clear to a certain extent, no extrinsic evidence in connection with it will be allowed; but if it remains so obscure as not to express the final de-

termination with sufficient accuracy, reference may be had to the pleadings and the entire record. It is submitted, however, that if the judgment by its terms refers to matters which, when looked to, make the judgment intelligible, no other extrinsic evidence should be permitted. In such case the explanation is furnished by the terms of the writing. Freem. on Judg., secs. 45, 54; Greenl. on Ev., sec. 277; Norris v. Hunt, 51 Texas, 614; Dunlap v. Southerlin, 63 Texas, 38; Tennell v. Breedlove, 54 Texas, 543; Parsons v. Spencer, 83 Ky., 309.

*McLeary & King* and *Barnard & Green*, for defendants in error O. T. Le Compte, O. A. Balcom, and Lena Iverson.—1. The court in its construction of the decree in the case of Rodriguez v. Smith gave force to the entire decree, which was entered by agreement, and his construction was correct. Freem. on Judg., secs. 45, 46; Greenl. on Ev., sec. 277; Norris v. Hunt, 51 Texas, 614.

2. John W. Smith died in 1849. M. L. Merrick purchased the land in controversy in 1851 from surviving widow and administratrix of the estate of John W. Smith, deceased. Plaintiffs were all sui juris in 1851, when M. L. Merrick took possession of this land, except Mrs. Newton, who was a minor and married in 1866, before her majority; therefore the statute of limitations commenced running against all of plaintiffs in 1851 except Mrs. Newton, and against her in 1866, and the three, five, and ten years limitations were all complete against them all except Mrs. Newton, and the five years statute was complete against her before this suit was brought in August, 1879, and more than seven years had expired since the rendition of the agreed decree in case No. 886, on July 11, 1872. Camoron v. Thurmond, 56 Texas, 33; Arnold v. Cauble, 49 Texas, 533; Baily v. Trammell, 27 Texas, 328; Moody v. Butler, 63 Texas, 213; Sedg. & Wait on Trial of Title to Land, sec. 750; Freem. on Continuancy and Par., sec. 197.

GARRETT, PRESIDING JUDGE, *Section B.*—This was an action of trespass to try title, brought September 6, 1886. Plaintiffs are the heirs of John W. Smith, and sued the defendants, who are the heirs of Morgan L. Merrick, for the recovery of a track of 437.3 acres of land in Bexar County. James B. Lee and his wife, who was the surviving wife of said John W. Smith, were also made parties defendant. The case was tried by the court without a jury, and judgment was rendered for the defendants.

Both parties claim under a judgment of the District Court of Bexar County in cause No. 886, Mariano Rodriguez v. Maria J. Smith et al., rendered March 30, 1872, and final decree in said cause made July 11, 1872. Morgan L. Merrick was a party to the suit in which said judgment and decree were rendered. That suit grew out of a conflict in the location and patent of a league and labor of land to J. W. Smith,

as assignee of Gregorio Martinez, with an older grant by the king of Spain to Gavino Valdez. After the death of J. W. Smith, which occurred in the year 1849, and the marriage of his widow Maria Jesusa to the defendant James B. Lee, Mrs. Lee, joined by her husband, executed a bond for title, dated June 23, 1851, to the said Morgan L. Merrick to about 500 acres of the Martinez survey, which had been patented to Smith as assignee, describing the land by metes and bounds. The provisions of the bond are substantially as follows:

"Know all men by these presents, that James B. Lee and Maria Jesusa Lee, his wife, of the State and county aforesaid, by these presents do agree, and hereby bind themselves, their heirs, executors, administrators, and assigns, to sell and convey to Morgan L. Merrick, or his legal representatives, a certain tract of land, hereinafter described, by a good and sufficient warranty deed, free from all incumbrances, within the space of two years from the date of this agreement, or as soon thereafter as it may be possible to procure a legal settlement and division of the estate of John W. Smith, deceased; the land above referred to and hereinafter described being a part of the estate of the said John W. Smith, who was the husband of the said Maria Jesusa Lee at and before his death, in consequence of which the said Maria Jesusa Lee is entitled by law to one-half of all the land belonging to the said estate, now in progress of settlement, and of which the parcel of land hereby conveyed is a part; and the said Maria Jesusa Lee hath of her own free will and by and with the consent and approbation of her present husband hereby bound herself," etc.

Merrick took possession of the land under the bond for title, and afterward paid for the same.

The judgment in said suit No. 886 was rendered in accordance with an agreement of the parties. Omitting immaterial recitals and description of land, the judgment and final decree are as follows:

"WEDNESDAY, March 30, A. D. 1872.

"*No. 886. Mariano Rodriguez v. M. J. Smith y Lee, Administratrix, and others.*—In this cause came the parties by attorneys, and the death of plaintiff being suggested, it is ordered by the court that the cause be renewed and prosecuted in the name of Josefa Rodriguez, surviving wife of Mariano Rodriguez; when came the parties by attorney, and agree that the following judgment shall be entered, to-wit: That plaintiff shall have and recover of defendant one-half of the land claimed in plaintiff's petition, and that the defendant shall have and recover of plaintiff the other half of said land, to-wit:

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

"And that in the partition which shall be had, which is to be equal, regard shall be had as to the quantity, quality, and value of the land allotted to each, without regard to the improvements made thereon by

either party or their tenants, and the allotment to defendants shall include that certain 500 acres more or less heretofore sold by defendant M. J. Smith y Lee to codefendant M. L. Merrick. And that the parties shall elect commissioners of partition without delay, and when so made and reported each party shall execute to the other deeds of relinquishment, quieting each party in the possession of their several portions. It is further agreed that the patent to the land in controversy to John W. Smith, assignee of Gregorio Martinez, No. 131, book G, dated the 25th day of February, A. D. 1842, together with the survey and location thereof, be cancelled, set aside, and held for naught. And that defendants be perpetually enjoined and restrained from setting up title thereunder. And that each party pay one-half of all the costs of suit and of partition.

[Signed]                    "T. T. TEEL, Attorney for Plaintiff.
                            "S. G. NEWTON, Attorney for Defendant.

"Whereupon it is ordered, adjudged, and decreed by the court that said agreement be entered upon the minutes of the court as its judgment in said cause, to be in all things observed by the parties."

Final decree:
                            "THURSDAY, July 11, A. D. 1872.

"*No. 886. Mariano Rodriguez v. Ma. J. Smith et al.*—Whereas on the 30th day of March, A. D. 1872, a certain final judgment by agreement was entered in the above styled cause in the records of this court in Journal G, pages 280 and 281; and whereas F. Giraud, Esq., has made his survey, partition, and report of the lands in controversy, as follows, to-wit:

*        *        *        *        *        *        *        *

"The portion of the Merrick tract comprised within the Valdez grant contains $437\frac{3}{10}$ acres, and is set apart for the representatives of J. W. Smith. West of this, and of survey No. 29, in the name of R. T. Higginbotham, running west to the city tract and south to the southern line of the Valdez grant, including about 179 acres out of survey No. 52, in the name of W. Harris, and about $4\frac{1}{2}$ acres out of the A. J. Leslie survey, neither of which is occupied, is a portion of the Valdez grant, containing about $947\frac{45}{100}$ acres in the prairie or mesquite brush, without water. Back land of this description is not considered to be worth more than 40 per cent of land lying on the river, as the Merrick tract does. To make up a share composed of these back lands of equal value with the $437\frac{3}{10}$ acres contained in the Merrick tract, it would require $1093\frac{2}{10}$ acres to be allotted to the representatives of Mariano Rodriguez.

"Therefore for the present there are allotted to the said representatives the $947\frac{45}{100}$ acres above mentioned, that being the amount which is not in adverse possession, with the understanding that they shall be

entitled to the balance, or about $145\frac{8}{10}$ acres more, out of any land re-covered for the representatives of Valdez lying in the prairie, before making any division thereof between the representatives of J. W. Valdez.                                    "F. GIRAUD.

"And whereas it is found impracticable to execute the mutual deeds contemplated by said judgment, therefore came the parties by their attorneys, to-wit, Maria Josefa Estrada y Rodriguez, surviving widow, and Maria de los Santos Rodriguez, Maria Antonia Rodriguez, and Juan Francisco Rodriguez, heirs and legatees of said Mariano Rodriguez, deceased, the last named being represented by the said Maria Josefa, his testamentary guardian, as plaintiffs, and Ma. J. Lee, sur-viving wife of said John W. Smith, Josephine A. Tobin, and Lucinda E. Newton, surviving children of said Smith, and C. W. Campbell, Margaret Campbell, Martha Campbell, Josephine Campbell, and Wil-liam Campbell, grandchildren of said Smith, and children of Susan E. Campbell, deceased, daughter of said Smith, represented by their tes-tamentary guardian, said Lucinda E. Newton, as defendants, and agree that said report be received and accepted and made a part of the judg-ment in this cause. And that the title to the land be and the same is hereby vested in the said parties in accordance with the recommenda-tions of said partition and report.

"Whereupon it is so ordered, adjudged, and decreed by the court that the said report and partition be and the same is hereby in all things confirmed and approved, and the title is vested in accordance with the same.

\*          \*          \*          \*          \*          \*          \*          \*

"It is further ordered that the costs of this proceeding be equally divided between the parties."

The map which accompanied the report of the surveyor Giraud had platted on it the Merrick tract, which was marked as follows: "M. L. Merrick, ass. of Hrs. of J. W. Smith, *437.30 ac.*"

T. T. Teel, a witness for the defendants, was permitted over the ob-jection of the defendants to testify as to the intent of the parties to the judgment to set apart to M. L. Merrick the tract marked in his name. In signing the bill of exceptions the judge who tried the case stated that the evidence was not considered by him in reaching his conclusion.

Plaintiffs contend that the effect of the judgment and final decree is to vest title to the land in them as the heirs and representatives of J. W. Smith—at least to one-half of it, the community interest of their father John W. Smith. On the other hand, the defendants claim, as the heirs of Morgan L. Merrick, that the effect of the judgment and decree was to vest the title in their ancestor M. L. Merrick. The judgment under which the parties claim was upon a suit of trespass to try title by per-sons who claimed under the Valdez grant against persons who were

claiming under the Martinez grant to J. W. Smith as assignee. Merrick, who was in possession of a part of the land under his bond for title, was joined as a codefendant with the surviving wife and heirs of J. W. Smith. There does not appear to be any pleading or anything in the judgment to show what the interest of Merrick was, further than the recital that the Merrick tract conveyed to him by M. J. Smith y Lee should be set apart to the defendant. It was agreed by the parties, who were all before the court, "that plaintiff shall have and recover of defendant one-half of the land claimed in plaintiff's petition, and that the defendant shall have and recover of plaintiff the other half of said land;" and further, that "the allotment to defendants shall include that certain 500 acres more or less heretofore sold by defendant M. J. Smith y Lee to codefendant M. L. Merrick." From the judgment it appears that there was to be an equal division of the land in controversy between the two parties, and that in the partition, which was provided for, the rights of Merrick were to be respected; and these rights were such as he had under his bond for title. There is no attempt to adjudicate an issue between Merrick and the heirs and representatives of John W. Smith. No such adjudication was intended and none was made. Merrick is left in the same position with reference to the title under Mrs. Lee that he was before the suit.

Let us see if the further proceedings and final decree sustain the foregoing conclusion. The map made by the surveyor Giraud as a part of his report designates, as was required to be done by the judgment, the portion of the Merrick tract in conflict with the Valdez grant. It can scarcely be contended that the designation of said tract on the plat as "M. L. Merrick, ass. hrs. of J. W. Smith," will override the recital in the judgment as to his title, when it clearly appears to be an inaccuracy of the surveyor. The report set apart the tract for the representatives of J. W. Smith. In the recital of the names of the parties, who came and agreed that the title should be vested in accordance with the report in *lieu* of the execution of the deeds, the name of Merrick does not appear, although he was a party to the suit. Title is finally decreed and vested in the representatives of J. W. Smith. The recital in the field notes, "beginning at the southeast corner, on the San Antonio River, of a portion of survey 28, sold by the heirs of J. W. Smith to M. L. Merrick," is also an inaccuracy of the surveyor. There is no inconsistency in the judgment, map, survey, report, and final decree, which all constitute the judgment and final decree in the suit, that is not readily corrected by themselves. A proper disposition of the Merrick tract in the absence of pleadings on his part for title and sub-partition, was to leave the title as it stood between him and the representatives of J. W. Smith, and that is what was done by the court. This action of the court inured to the benefit of Merrick to the full extent of whatever right he had against the Smiths.

It is unnecessary to notice the action of the court in admitting the evidence of T. T. Teel further than to say that it was improper. There is no latent ambiguity in the judgment to authorize such evidence. But the error, if any, was corrected by the court in excluding the testimony of the witness from consideration in reaching its conclusion. Usually when a case is tried by the court and there is sufficient legal evidence to support the judgment it will not be reversed on account of the admission of erroneous evidence, especially when the judge trying the case is able to certify in the bill of exceptions that such evidence was not considered in reaching the conclusion.

On account of the error of the court below in construing the judgment in cause No. 886, Rodriguez v. Smith, to vest title in M. L. Merrick the judgment in this case must be reversed, unless it can be sustained by defendant's plea of limitation. We do not think that the evidence shows any repudiation of plaintiffs' interest in the land until after Merrick's death. It is true that there is evidence of exclusive possession for a long time; but Merrick entered into possession of the land claiming under the bond for title, which recognized the interest of the plaintiffs therein, and that something further was to be done to complete his title. We think the legal effect of the judgment rendered in 1872 in No. 886, Rodriguez v. Smith, would be to suspend the statute at least to that time. Looking to the statement of facts in this case we do not think the plaintiffs' cause of action was barred.

We are of the opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*