### E. D. GLENN ET AL. v. MARIAH RHINE.

Decided January 16, 1909.

**1.—Pleading—Trespass to Try Title—Tenancy.**

Where, in trespass to try title, the petition contained a tender of a certain sum to defendant paid to plaintiff's ancestor by the person under whom defendant claimed in an executory contract of sale which had never been executed, and, in reply to a plea of limitation, the plaintiff set up said executory contract and alleged that defendant and those under whom he claimed were placed in possession by plaintiff and his ancestor, that they were tenants at will, and that by the terms of the executory contract they were permitted to improve without cost to plaintiff or his ancestor and said tenancy was terminated by the suit, it was not incumbent on plaintiff to allege the price and terms of the contract, the time when the ancestor was to perform, or that he had performed or was able to perform the contract.

**2.—Same—Replication to Plea of Limitation.**

As plaintiff did not seek to recover on said executory contract, it was not necessary to set out any more of it than was thought necessary to defeat defendant's plea of limitation, and if defendant had acquired any equities under the contract of sale it was a matter of defense which should have been specially pleaded by him.

ON REHEARING.

**3.—Limitation—Tenant at Sufferance—Executory Contract.**

Where the defendant took possession under an executory contract of sale which permitted him to improve the land without cost to the vendor, and said contract was never executed nor its terms complied with by him, no title passed and he became a tenant at sufferance, and so long as he recognized the vendor's title no limitation ran in his favor.

Appeal from the District Court of Collin County. Tried below before Hon. B. L. Jones.

*Abernathy & Mangum,* for appellants.

*J. R. Gough* and *Smith & Wilcox,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by the appellee, Mariah Rhine, in the District Court of Collin County against the appellants, E. D. Glenn and others, in the usual form of trespass to try title to recover the J. B. Menafee survey in Collin County. The petition also alleged that "the plaintiff here now tenders and pays into the registry of this court, for the benefit of the defendants entitled thereto, the sum of fifty dollars heretofore paid to Isaac Rhine by W. H. Herron, on an executory contract of sale which has never been executed, and the terms of said sale have never been complied with by W. H. Herron, his heirs or assigns. A part of said executory contract hereinabove referred to is in writing, and is in the possession of the defendants, and they are notified to produce the same on the trial hereof to be used in evidence, and failing to do so, secondary

evidence as to its contents will be offered in evidence." Plaintiff also plead offensively the three, five and ten years statute of limitation. The appellants answered by a plea of not guilty, and the statutes of three, five and ten years limitation. The plaintiff, in reply to this plea, filed her first supplemental petition setting up the executory contract of sale, alleging that the defendants and those under whom they claim were placed in possession by the plaintiff and those under whom plaintiff claims, and that the possession of the defendants was the possession of plaintiff. That by the terms of said contract the defendants and those under whom they claim were permitted to fence and improve said land, but that said improvements were not to cost plaintiff or those under whom she claims anything, and that defendants and each of them are estopped from setting up or claiming under the statutes of limitation, and are also estopped from claiming anything for value of improvements, if any, made by them. To this supplemental petition was attached a copy of the receipt or contract under which it was alleged that the defendants and those under whom they hold went into possession of the property. Said receipt or contract is as follows: "Received, McKinney, Texas, March 10, '85, from William H. Herron, Fifty Dollars, which money is to be applied as a part payment on 199 acres of land in the J. B. Menafee survey, Collin County, Texas, the title to said tract Jenkins & Pearson are now examining into to remove a cloud on title. If said title is perfectly satisfactory, then the said William H. Herron will take said lands as per contract and price and terms agreed upon, and in the event of a failure to perfect title not satisfactory to said Herron, then this receipt and money (Fifty Dollars), is to be refunded to said Herron without any interest. Said Jenkins & Pearson are not under any obligations or contract as to definite time for perfection of title, nor has this any definite time to run; this also authorizes said Herron to fence said land at his expense and cost for his use and benefit, but shall not cost said Rhine anything whatever if said Herron does not take said land. (Signed) Isaac Rhine, per Ben W. Rhine, agent. (Signed) Wm. H. Herron." The defendants replied by supplemental answer excepting to the pleading of plaintiff, and plead that in case they were mistaken as to their former pleas, then they were willing to pay the original purchase price of the land according to the terms of the original contract between Rhine and Herron, but that they could not tender the price for the reason that they did not know what the same was, and further allege that for the past twenty-one years no claim has been made for the land or the purchase price and plaintiff had led defendants to believe that the contract would not be rescinded until after demand for purchase price. Plaintiff by supplemental petition excepted to defendants' offer to pay because no sum was tendered in court, and alleged that the contract of sale was not in writing and was within the statute of frauds and prayed judgment of the court.

Error is assigned to the court's action in overruling a special exception to plaintiff's petition, the exception being that the said pleading does not set out or allege the price and terms agreed upon between Isaac Rhine by Ben Rhine, agent, and Wm. H. Herron, for the

land in controversy, or that defendants have failed to pay such price, or that Wm. H. Herron failed to comply with the terms of said sale. The contention is, as we understand it, that the defendants being in possession of the land are entitled to have the terms of the executory contract set out so that they may comply with its terms; that it would be inequitable to permit the plaintiff to recover the land while contending that the possession of defendants was illegal and wrongful. We do not concur in this contention. It was not incumbent upon plaintiff to set up the terms of the contract. Plaintiff alleged that the contract was executory. She also alleged that she and those under whom she claims placed defendants and those under whom they claim in possession of the land, and that defendants and those under whom they claim held and hold said property as tenants at will under and by virtue of a contract in writing, and that said tenancy at will was terminated by the bringing of this suit; that neither said tenancy nor the title of plaintiff was ever in any manner repudiated and notice of any character given to plaintiff or those under whom she claims, until the filing of defendants' answer on this day, to wit, September 9, 1907. Plaintiff further says that by the terms of said contract the defendants and those under whom they claim were permitted to fence and improve said land, but said improvements were not to cost plaintiff nor those under whom she claims anything, and that the possession of the defendants is the possession of plaintiff, and the defendants and each of them are estopped from setting up or claiming under the statute of limitation, and also estopped from claiming anything for the value of improvements, if any, made by them. The executory contract set up in plaintiff's supplemental petition was in reply to the defendant's plea of limitation, and as plaintiff did not seek to recover on said contract it was not necessary for her to set out any more of said contract than she thought necessary to defeat defendants' plea of limitation. The plaintiff did not in her pleadings, as contended in argument by appellants, admit title to the land in defendants. She distinctly alleged that the executory contract of sale was never performed by W. H. Herron, his heirs or assigns. If the defendants acquired any equity under the executory contract of sale it would be purely a matter of defense which should have been specially pleaded by them. No such pleading was filed. (Patrick v. Roach, 21 Texas, 251; Moore v. Giesecke, 76 Texas, 543; Fuller v O'Neal, 69 Texas, 351.)

It is insisted that the pleadings of plaintiff fail to show when Isaac Rhine was to perform his part of the contract, or that he had performed it or was able to perform it, and for this reason neither he nor his heirs could recover the land in controversy. The court overruled a special exception raising this contention, to which ruling defendants excepted and have assigned error. There was no error in the court's action in this respect. Herron, the ancestor of defendants, took possession of the land by virtue of the instrument, copy of which is attached to plaintiff's pleading and read in evidence. As stated, if defendants had acquired any equities under the executory contract they should have plead the same. Nor was the pleadings of plaintiff subject to exception in not alleging that the plaintiff, Mariah Rhine,

or Isaac Rhine under whom she claims, had ever tendered a deed to W. H. Herron or that she had ever demanded of Herron or these defendants any compliance with the terms of the written contract. The contract was made in 1885, and being executory, no title passed to Herron, and under the terms of the instrument Herron and these appellants only became tenants at will of Isaac Rhine, and such tenancy was only terminated by the filing of this suit.

There was no evidence tending to support any of the defendants' pleas of limitation. The undisputed proof showed that plaintiff was the owner of the land in controversy and entitled to the possession of the same at the time of the institution of the suit, and the trial court was authorized to instruct a verdict for plaintiff for the land, as was done, and the judgment in favor of plaintiff is affirmed.

*Affirmed.*

*Additional Conclusions of Fact.*—The appellants have filed a motion for additional conclusions of fact. This motion will be granted in part, and the following additional conclusions are adopted: On March 10, 1885, William H. Herron and Isaac Rhine entered into the contract and receipt copied in the opinion. By virtue of the same said Herron took possession of the land therein described. After the execution of the receipt and contract, and in the year 1886, Isaac Rhine died, and in 1887 Herron died, leaving his wife, L. E. Herron, in possession of the land, who held it under the terms of said contract and receipt until 1896, when she died. Upon her death one Abe Stelzer, at the request of and as the representative of the Herron heirs, took possession of the land and held possession until October, 1900, when he turned the same over to appellants. Neither W. H. Herron nor his wife, L. E. Herron, or Abe Stelzer claimed title to the land, 'but held the same under the receipt and contract between Isaac Rhine and W. H. Herron. All of the appellants are heirs of W. H. Herron and L. E. Herron, except E. D. Glenn and T. H. Skaggs. E. D. Glenn married one of the Herron heirs, and also purchased an undivided interest of one-eleventh of some of the other heirs in the land. T. H. Skaggs married one of the Herron heirs and purchased a small undivided interest of some of the other heirs in the land. E. D. Glenn never rendered any of the property for taxes or paid any taxes thereon prior to the filing of the suit. Defendant Skaggs had only paid taxes on a portion of the land for a part of the time since his purchase of the interest of some of the Herron heirs. Ten years had not run from the time Stelzer surrendered possession of the land to the Herron heirs at the time of the filing of the suit. Mariah Rhine took a community interest in the property upon the death of her husband, Isaac Rhine, and also under his will acquired his interest in the land. Isaac Rhine was the common source under and through whom all parties deraign title.

ON REHEARING.

In the opinion it is said that Herron and these appellants under the terms of the instrument by virtue of which Herron took possession

of the land, only became tenants at will of Isaac Rhine. The briefs of both parties state that Herron, under the facts, was a tenant at will of Isaac Rhine. The opinion adopted this conclusion. After a more careful consideration of the facts we are of the opinion that Herron and these appellants occupied the relationship to Isaac Rhine, and to plaintiff after his death, not of tenants at will, but tenants at sufferance. (24 Cyc., p. 1041.) However, so long as appellants and their ancestor Herron, through whom appellants deraign title, recognized the title of Isaac Rhine and that of plaintiff, his wife, after his death, it is clear that no limitation ran against plaintiff. Not only William H. Herron during his lifetime, but his wife, L. E. Herron, after his death, set up no title to the land, but recognized the Rhine title. After the death of Mrs. L. E. Herron, Abe Stelzer, at the request of the Herron heirs and as their representative, took possession of the land and held it for them until October, 1900. Stelzer did not claim title to the land, but recognized the title of Mrs. Rhine. This suit was filed July 23, 1906. The five years statute of limitations does not apply by reason of the fact that it is not shown that defendants, or any of them, paid taxes on the land for a sufficient length of time to acquire title under the five years statute. Ten years had not expired after the land was turned over to appellants by Stelzer before the filing of this suit.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.