## JONES v. ADKINS et al.   (No. 306.)*

(Court of Civil Appeals of Texas. Waco. Feb. 4, 1926. Rehearing Denied March 4, 1926.)

1. **Specific performance** &#9096;87.

Specific performance of executory contract for purchase of land cannot be had by purchaser unless he has performed his part of contract or tendered performance thereof.

2. **Specific performance** &#9096;97(1).

Purchasers *held* not entitled to specific performance of contract for sale of lots, where they had not paid or offered to pay purchase price.

3. **Adverse possession** &#9096;13.

One, to obtain title by 10-year statute of limitation, must have peaceable and adverse possession of property for 10 years, in view of Rev. St. 1925, art. 5510.

4. **Adverse possession** &#9096;63(7)—Benefit of 10-year statute of limitation cannot be claimed by purchaser until he repudiates contract and claims adversely to real owner (Rev. St. 1925, art. 5510).

One who goes into possession of property under contract of purchase cannot claim benefit of 10-year statute of limitation, under Rev. St. 1925, art. 5510, until he repudiates contract and claims title adversely to real owner.

5. **Adverse possession** &#9096;63(7)—Purchasers cannot claim benefit of 10-year statute of limitation where they had not repudiated contract of purchase or claimed adversely thereto (Rev. St. 1925, art. 5510).

Purchasers who went into possession of property under contract of purchase, and who had not repudiated such contract or claimed adversely to conditions thereof, cannot claim benefit of 10-year statute of limitation, under Rev. St. 1925, art. 5510.

Appeal from District Court, McLennan County; Sam. R. Scott, Judge.

Suit by Henry Adkins and others against Jim Jones, Jr., and another. From an adverse judgment defendant Jim Jones appeals. Reversed and rendered.

Spell, Naman & Penland, and Hilton Howell, all of Waco, for appellant.

F. M. Fitzpatrick and S. J. T. Smith, both of Waco, for appellees.

BARCUS, J. This suit was instituted by appellees against appellants in the form of a trespass to try title, and, as an alternative plea, appellees alleged they made a contract with John F. Rowe on May 12, 1913, whereunder the said Rowe contracted and agreed to sell to appellees and they agreed to and did purchase lots 7 and 8 in block 11 in the Farmers' Improvement Bank addition to the city of Waco for the sum of $1,400, to be paid $3 per week. They alleged they had fully paid all of the purchase money, and asked that their title be quieted. Appellant answered by general denial, plea of not guilty, and further alleged that appellees had never paid for said land; that no deed had ever been executed; that the contract of sale had been in writing renewed from time to time, the last renewal being January 1, 1920, at which time it was agreed that appellees were still due on said property the sum of $1,186.55, with 10 per cent. interest from said date; that on said date John F. Rowe transferred and conveyed to appellant, Jim Jones, Jr., said property by warranty deed and assigned to him said contract, and that there was still due and unpaid thereon the sum of $1,329.91. Appellant, Jim Jones, Jr., further alleged that he had exercised his option under said contract to declare same forfeited and retain all money paid as rental for said property, and, in the alternative, that if he was not entitled to declare the contract forfeited and have his title quieted, that he have judgment for his debt, together with a foreclosure of the lien on said property. Appellees, in reply to the answer of appellants, pleaded the 10-year statute of limitation, and further pleaded that the lien to secure the notes claimed by appellants was long since barred by the statute of limitation, since it had not been renewed as is required by the statutes, and for said reason appellants did not have any lien on the property.

The cause was tried to a jury, and at the conclusion of the testimony it was admitted by all the parties at interest that appellees were still due on the purchase contract on said lots the sum of $1,329.55. The court instructed the jury to return a verdict in favor of appellant, Jim Jones, Jr., for said sum against appellee Henry Adkins, and in favor of appellees against appellants for the title and possession of the land, free and unincumbered with any lien.

Appellant, Jim Jones, Jr., appealed, and contends that under the undisputed evidence in the record the trial court committed error in failing and refusing to instruct the jury to return a verdict for him canceling the contract of sale and quieting his title to the property. We sustain this contention. The only claim or interest appellees had in and to the property was by virtue of the contract of purchase and sale which they entered into with John F. Rowe in May, 1913, which was renewed from time to time, the last renewal being in January, 1920. Under the terms of said contract of purchase it is specifically provided that if appellees "shall make default in the payment of any two consecutive installments, or in the payment of any interest on said notes, then at the option of said John F. Rowe, or his assigns, said contract of sale shall be annulled, * * * and said Henry Adkins shall immediately surrender the possession of said premises, and all pay-

ments. made thereon shall be applied as rentals on said property."

Appellees admitted that they had not for more than a year prior to the time the suit was filed made any payment on said notes or been in possession of said property. Appellants lost possession by virtue of the fact that they moved from Waco and rented said property, and the tenant, without their knowledge, abandoned same and appellant took possession thereof while it was vacant, and has been in possession thereof since said time. It was agreed that the original purchase price of the property was $1,400, and at the time of trial there was still unpaid, principal and interest on said amount, the sum of $1,329.55.

[1, 2] It is a well-settled principle of law in this state that, before a party to an executory contract for the purchase of land can require specific performance on the part of the seller, he must have either performed his part of the contract or tendered performance thereof. Tayler v. Taul, 32 S. W. 866, 88 Tex. 665; Hazlett v. Harwood, 16 S. W. 310, 80 Tex. 508; Browne v. King, 235 S. W. 522, 111 Tex. 330; Magruder v. Poulton (Tex. Com. App.) 257 S. W. 533; Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238. Since appellees admitted that they had not paid the purchase price for said lots and did not tender or offer to pay same, they were not entitled to a specific performance of their contract.

[3-5] Appellees contend that they were entitled to possession of the property by virtue of the statute of limitation. This contention is not tenable. They do not claim any chain of title from the sovereignty. Their only contention is that they have been in possession for ten years. To obtain title by virtue of the ten-year statute of limitation, it is necessary for a person to have peaceable and adverse possession thereof for ten years. Article 5510, Revised Statutes. A party who goes into possession of property under a contract of purchase cannot claim the benefit of said statute until he repudiates the contract and claims title adversely to the real owner. Smith v. Lee, 17 S. W. 598, 82 Tex. 124; Thompson v. Dutton (Tex. Civ. App.) 69 S. W. 641; Wilson v. Nugent (Tex. Civ. App.) 91 S. W. 241; Glenn v. Rhine, 115 S. W. 91, 53 Tex. Civ. App. 291. Appellees testified that they went into possession under the contract of purchase from appellants, and did not claim that they had at any time repudiated lsaid contract of purchase or claimed adversely to the conditions thereof.

The trial court, under the undisputed facts in this case, should have instructed the jury to return a verdict in favor of appellant Jim Jones, Jr., canceling and annulling and holding for naught the contract of sale which had been executed by John F. Rowe with appellees, and which had been assigned and transferred to appellant. The cause having been fully developed and the material facts being admitted, the judgment of the trial court is reversed and judgment here rendered canceling and annulling the contract of sale which appellees made with John F. Rowe, and under which they claim title, and quieting title in appellant to the lots in controversy, being lots 7 and 8, block 11, Farmers' Improvement Bank addition to Waco, McLennan county, Tex.; and the judgment of the trial court in rendering a personal judgment in favor of appellant against Henry Adkins is set aside and held for naught.