**MONTGOMERY v. HEATH et al.**
(No. 898—4647.)

(Commission of Appeals of Texas, Section A. March 2, 1927.)

.1. **Partition** ⊕116(1)—**As between two parties, judgment held not to have effect of partition judgment, subjecting each to warranties imposed by statute (Rev. St. 1925, art. 6100).**

As between two parties to suit in which certain lands were partitioned, but as between whom judgment was directly for recovery of other land, the judgment did not have the effect of a partition judgment, subjecting each to the warranties imposed by Rev. St. 1925, art. 6100.

.2. **Judgment** ⊕585(5), 948(½)—**Judgment recovering land from claimant does not estop him from asserting after-acquired title, but he must show that title was so acquired.**

Judgment for M. for recovery of land from H., while estopping H. from asserting against M. title acquired before the judgment does not estop him from asserting title acquired after the judgment, so that H., suing M. for the land, must show that his title, coming from a corporation on its dissolution, so came after such judgment.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. C. Heath and another against Mrs. Charlotte Montgomery. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (283 S. W. 324), and defendant brings error. Affirmed in part, and in part reversed and remanded.

J. L. Lackey, of Wichita Falls, for plaintiff in error.

S. A. L. Morgan, of Amarillo, and Carrigan, Britain, Morgan & King, of Wichita Falls, for defendants in error.

HARVEY, P. J. This is a suit in trespass to try title, in which W. C. Heath and R. E. Huff, as individuals, are plaintiffs, and Mrs. R. E. Montgomery (the widow of R. E. Montgomery, deceased) is defendant. The suit is for recovery of a certain portion of block G of what is known as the "water power property," in the city of Wichita Falls. In the trial court judgment was rendered for the plaintiffs. The Court of Civil Appeals affirmed that judgment (283 S. W. 324).

On August 20, 1904, the Victor Milling Company, a corporation, held title by limitation, if not by chain of title from the sovereignty of the soil, to all of said block G. There is evidence in the record to the effect that each of the plaintiffs own one-half of the capital stock of the corporation. The company is not now functioning as a going concern. On the date mentioned the Victor Company executed an instrument in the form of a deed to the First National Bank of Wichita Falls, purporting to convey said block G to the bank. This instrument was, in fact, a mortgage for the purpose of securing an indebtedness of the Victor Company to the bank. When this indebtedness was paid is not shown, but in 1921 the bank executed to the plaintiffs a deed which purports to convey to them said block of land. In legal effect, this deed is nothing more than a release of the lien held by the bank against the land as evidenced by said deed of August 20, 1904. There is no evidence in the record to show when the Victor Company ceased to function as a going concern, or when such corporation was dissolved. R. E. Huff was the president of such company, and W. C. Heath was the general manager thereof.

The theory upon which the plaintiffs base their suit herein is that, the corporation having been dissolved, they, as stockholders, are entitled to recover the land in controversy as tenants in common.

On March 1, 1911, a judgment was rendered by the district court of Wichita county, in a suit in which H. M. Truehart was plaintiff, and John Adriance was intervener, and R. E. Montgomery, R. E. Huff, and a number of other persons were defendants. Heath was not a party to this suit. Such judgment involves a large number of separate blocks and parcels of land in Wichita

Falls including said block G. In the judgment R. E. Huff recovered several parcels of land in severalty and an undivided interest in another parcel. R. E. Montgomery was not a tenant in common with Huff in any of the lands to which Huff's recovery related. Various other blocks and parcels, not including block G and those affected by the provisions of the judgment in Huff's favor, were adjudged to be jointly owned by R. E. Montgomery and certain other parties to the suit, not including Huff, and partition thereof was ordered to be made among such joint-owners, and commissioners were appointed to make the partition. The judgment made no further disposition of block G than to adjudge that as to said block G the plaintiff and intervener take nothing.

[1] In due time the commissioners in partition made their report, and on February 25, 1913, said district court entered judgment confirming the partition made by the commissioners. In said judgment the several allotments, made by the commissioners to the various joint-owners of the several parcels of land, that had been ordered to be partitioned among R. E. Montgomery and other parties to the suit, not including Huff, were confirmed by the court. This judgment also again decrees a recovery by Huff of the lands adjudged to him by the previous judgment. Huff was not cotenant with Montgomery in any of the lands of which partition was made. Such judgment further decreed that Montgomery should have and recover of the plaintiff, interveners, and all other defendants, including Huff, the said block G, among other property. This part of the judgment had effect to divest Huff of any title or interest he then held in block G, and vest it in Montgomery. In short, as between Huff and Montgomery, said judgment was not in any respect a judgment in partition, but each adjudication made in the judgment in respect to these two parties, inter se, is directly for the recovery of land. As between such two parties, therefore, said judgment does not have the effect of a partition judgment subjecting each to the warranties imposed by article 6100 of the Revised Civil Statutes of 1925. However, a part of the judgment had effect, as above stated, to divest Huff of all title held by him in block G and to vest same in Montgomery.

The Victor Company, if then in existence, held the title to block G, and that company was not a party to the suit and not bound by such judgment. Therefore the existence or nonexistence of the Victor Company as a corporation, when such judgment was rendered, becomes an important inquiry. For, if the corporation had been dissolved prior to the judgment, such interest in block G as became vested in Huff at such dissolution, by reason of his being a stockholder, passed to Montgomery by virtue of the judgment.

[2] Huff, as a plaintiff in the instant suit, had the burden of showing that the title or right of possession claimed by him herein emanated from the Victor Company after said judgment was rendered. While such judgment estops him from asserting a title acquired from the corporation prior to the judgment, it does not have effect to estop him from asserting a title or right of possession subsequently acquired. It is thus apparent that Huff, in failing to show when his claim of title or right of possession under the Victor Company arose, has failed to show himself entitled to recover any part of the land in controversy from Mrs. Montgomery who holds under the judgment in favor of her deceased husband, R. E. Montgomery. For this reason the judgment of the trial court should be reversed as to R. E. Huff.

No well-founded complaint is made here of the judgment of the trial court or of the Court of Civil Appeals affirming same, so far as Heath is concerned. The judgment therefore should be reformed so as to adjudge to Heath an undivided one-half interest in the land in controversy, and in that respect such judgment and that of the Court of Civil Appeals affirming same should be affirmed as reformed. In respect to the plaintiff R. E. Huff and the half interest claimed by him in said land, the judgment of the trial court and that of the Court of Civil Appeals affirming same should be reversed and the cause remanded, and we so recommend.

CURETON, C. J.   Judgments of the district court and Court of Civil Appeals both in part affirmed and in part reversed and remanded, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.