## JONES v. CLARK et al. (No. 7723.)

(Court of Civil Appeals of Texas. San Antonio. March 9, 1927.)

**1. Pleading ☞53(2)—Allegation of refusal to deliver deed under purchase contract held not to conflict with petition in trespass to try title.**

That plaintiff, after setting up a good action of trespass to try title, further alleged that defendant contracted to sell him land and placed deed in escrow with bank, and that bank and defendant refused to deliver deed as per agreement, did not conflict with trespass to try title pleadings, but was consistent with them.

**2. Trespass to try title ☞35(1)—Where title is specially pleaded, proof will be confined to title alleged.**

The only effect of specially pleading title in trespass to try title is that the proof will be confined to the title pleaded.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Action in trespass to try title by P. F. Jones against Frank E. Clark and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Davis E. Decker, of Raymondville, for appellant.

Roger Robinson and A. B. Crane, all of Raymondville, for appellees.

FLY, C. J. Appellant filed statutory pleadings in an action of trespass to try title against Frank E. Clark, C. E. Craig, C. E. Redlund, and the First State Bank of Lyford, to recover 200 acres of land in Willacy county. After setting up the action of trespass to try title appellant alleged that on November 1, 1925, he had entered into a contract of purchase of the land with Frank E. Clark, the consideration being $9,000, of which $3,000 was to be paid in cash and the assumption by appellant of $6,000 due the Royal Life Insurance Company of Des Moines, Iowa, for which a lien was held on the land; that Clark had executed a deed to appellant and placed the same in escrow with the bank to be delivered when the $3,000 was paid; that appellant had paid the $3,000, but said bank refused to deliver said deed and retained the money paid it by appellant. He also alleged that Clark was acting with said bank in its refusal to deliver the deed or money and that Craig and Redlund were setting up claims to an interest in the land.

[1, 2] The petition not only set up a good action of trespass to try title, but for his deed and specific performance of the contract, and the court erred in sustaining the general demurrer. The latter part of the petition did not in any manner conflict with the action of trespass to try title, but was consistent with it, as it merely set out the grounds upon which appellant claimed title to the land. The only penalty attached to specially pleading title is that the proof will be confined to the title pleaded. The petition was not open to attack through a general demurrer, but set up a good cause of action. McCurry v. McCurry (Tex. Civ. App.) 95 S. W. 35; Glenn v. Rhine, 53 Tex. Civ. App. 291, 115 S. W. 91; American Cement Co. v. Acme Cement Co. (Tex. Civ. App.) 181 S. W. 257; Evans v. Hudson (Tex. Civ. App.) 216 S. W. 491.

The judgment is reversed and the cause remanded.