## RICHARDSON et al. v. REID et al.

### No. 4258.

Court of Civil Appeals of Texas. Beaumont.

May 3, 1945.

WALKER, Justice.

This is an action of trespass to try title by the Heirs of S. H. Reid against various defendants, including M. E. Richardson and the widow and children of P. H. Nolan, to recover title to and possession of the S. J. Johnson 160-acre survey in Tyler County. It was severed from an action involving this and other tracts and was tried separately. Judgment was rendered in favor of plaintiffs for title to and possession of the survey, less an undivided interest of five and one-third acres which the court, in effect, if not in specific terms, adjudged to certain heirs of Gennie, or Genie Bell, a daughter of Tyron McInnis. Only M. E. Richardson and the widow and children of P. H. Nolan have appealed. They make only one point, as follows: "The trial court erred in rendering judgment in favor of appellees against appellants, as the record title offered in evidence by appellees established appellants' ownership to an undivided interest in the S. J. Johnson 160 acre survey of land sued for."

Appellees introduced the following chain of title, all conveyances referred to being of record in the Deed Records of Tyler County:

(1) Patent from the State of Texas to the Heirs of Sebron J. Johnson, deceased, dated February 9, 1894, covering 160 acres of land. This instrument recites that it was issued by virtue of an affidavit made by "Avy Johnson, surviving wife of the said Sebron J. Johnson." It was filed for record on July 16, 1909.

(2) Stipulation by the parties that this survey was community property of Sebron J. Johnson and wife, Ava C. Johnson; that Sebron J. Johnson was dead in 1894; that he was survived by his wife Ava C. Johnson; and that only four children were born to this marriage, namely, J. Wilborn Johnson, Mrs. M. E. McConnell, wife of R. E. McConnell, Mrs. R. C. Howell, wife of I. P. Howell, and Mrs. Alice Craig, wife of H. E. Craig. The parties treat said wife and children as constituting all of the heirs of Sebron J. Johnson.

(3) General warranty deed from J. W. Johnson and Mrs. M. E. McConnell and husband R. E. McConnell to H. E. Craig, dated November 18, 1908, conveying the entire survey. Mrs. R. C. Howell and husband, I. P. Howell, executed and acknowledged this instrument, but were not

A. M. Huffman and George P. Kirkpatrick, both of Beaumont, for appellants.

J. E. Wheat, of Woodville, for appellees.

named in the body of the deed. This instrument was filed for record on December 3, 1908.

(4) Quitclaim deed from A. C. Johnson (wherein the grantor is described as the wife of S. J. Johnson, deceased) to J. J. Copley and Tyron McInnis, dated December 16, 1888, conveying grantor's title in and to a tract of land described by metes and bounds. The field notes in this deed vary in certain respects from the field notes in the patent, but the two sets of field notes apparently call for the same bearing trees, and it is evident from the entire record that this variance is immaterial and that the deed covers the grantor's interest in the Johnson survey which is the subject matter of this appeal. This instrument was filed for record on July 16, 1909.

(5) Special warranty deed from J. J. Copley to Tom F. Coleman and Grove C. Lowe, dated September 6, 1917, conveying all of grantor's interest in the survey. It was filed for record on September 7, 1917.

(6) Special warranty deed from Tom F. Coleman and Grove C. Lowe to S. H. Reid, dated November 30, 1917, conveying all of grantors' interest in the survey. It was filed for record on January 5, 1918.

(7) It was stipulated in connection with the deed listed below in Item No. 11 that Tyron McInnis was dead on December 10, 1917, which was the date of said deed. The exact date of his death was not proven; but he was evidently dead when the District Court of Tyler County rendered the judgment in Suit No. 3036 which is listed below in Item No. 8. The parties, in effect, have so treated this matter.

It was further stipulated that Mrs Winnie McInnis was the surviving widow of Tyron McInnis and that six named children were born to this marriage, among whom were Litia McInnis and Genie McInnis. No question is made as to these persons constituting all of the heirs of Tyron McInnis.

With reference to the said Litia, it was stipulated that she married one John Hicks, who died, and that afterwards she married Jeff Wells, who died in 1890.

With reference to the said Genie, it was stipulated that she married W. C. Bell; that she died in 1911; that her husband died in 1919; and that she was survived by ten named children. Two of these ten children were grantors of S. H. Reid in the deed listed below in Item No. 11; and despite certain variances in names, it seems that the other eight are the parties defendant herein to whom the trial court, in effect, adjudged an undivided 5⅓ acres in the survey. The parties before us have so treated them; appellees identify these particular defendants as the Bell children, and appellants do not question this identification.

(8) Judgment of the District Court of Tyler County in suit No. 3036, dated August 4, 1910, wherein H. E. Craig and wife, Alice Craig, were plaintiffs, and the widow and children of Tyron McInnis (including Genie Bell and Litia Wells), as well as M. E. Richardson and P. H. Nolan, were defendants. This judgment decreed to said plaintiffs title to and possession of an undivided one-half of the survey and the interest, as well, of the said Litia; and decreed to the remaining defendants title to and possession of the other undivided one-half of the survey, less the interest of the said Litia Wells. This judgment provided that: "Said plaintiffs have their writ of restitution and possession against the defendant Litia Wells for all of said land and that the said plaintiffs and the other named defendants (other than Litia Wells) have each respectively their writ of possession and restitution for the respective interests recovered herein by them and that said plaintiffs have their writs of execution and the officers have their writs to recover their costs."

No cross adjudication was made between the defendants in suit No. 3036. Of the pleadings in that suit, appellees introduced the third amended original petition of Craig and wife. This was in statutory form of trespass to try title and for damages. It alleged a joint trespass by the defendants, and put in issue title to and possession of the entire Johnson survey. Appellees also introduced the first amended answer of the defendants in suit No. 3036, excepting however the defendant Litia Wells, who filed no answer and against whom judgment by default was accordingly rendered. This answer was a joint pleading by the various defendants, excepting as stated, the said Litia; and it consisted of a general demurrer, a plea of not guilty and a plea of limitation to the cause of action for damages alleged by Craig and wife.

Recitals in the aforesaid petition of Craig and wife indicate that suit No.

3036 was filed on January 5, 1909. We have referred above in Item No. 4 to a quitclaim deed from A. C. Johnson to J. J. Copley and Tyron McInnis, dated December 16, 1888. This deed was not filed for record in Tyler County until July 16, 1909, subsequent to the date recited by Craig and wife as the date on which they filed their original petition. However, neither Copley, nor his grantor, nor any heir of Sebron J. Johnson was a party to suit No. 3036; and we deem it of no significance that the deed referred to may have been filed for record after the date on which suit No. 3036 was filed.

(9) Stipulation that H. E. Craig was dead on September 3, 1919, which is the date of the deed into S. H. Reid, listed in Item No. 10 below; and that the said H. E. Craig was survived by his wife, Alice Craig, and by three named children, who were all of the children of the said H. E. Craig.

(10) Special warranty deed from Mrs. Alice Craig, widow of H. E. Craig, and the aforesaid children of H. E. Craig, to S. H. Reid, dated September 3, 1903, conveying their interest in the survey. It was filed for record on November 13, 1919.

(11) Deed from the widow and four children of Tyron McInnis and two children of Genie Bell to S. H. Reid conveying their interest in the survey. This instrument was dated December 10, 1917, and was filed for record on February 2, 1918; and among the grantors were included all of the children of Tyron McInnis except Litia Wells, who as shown above in Item No. 8 was a party defendant to suit 3036, and except Genie Bell, who as appears from the stipulation listed above in Item No. 7 was dead on the date of this deed. The husband of the said Genie, to-wit, W. C. Bell, died a year or so after the date of this deed, according to the stipulation in Item No. 7. The remaining eight children of the said Genie were parties to this suit.

(12) Reference is made above in Item Nos. 6, 7, 10 and 11 to conveyances to S. H. Reid, the references in Items Nos. 7 and 11 being to the same instrument. It was stipulated that S. H. Reid was dead and that the plaintiffs were his heirs.

(13) Judgment of the District Court of Tyler County in suit No. 5103, dated October 11, 1935, entered pursuant to agreement, whereunder Mrs. R. C. Howell, as plaintiff, recovered from J. B. Reid, who is one of appellees here, and E. L. Smith Oil Company as defendants, a ½₂nd royalty in 20 acres in the form of a square in the northwest corner of the survey, subject, however, to an oil and gas lease owned by said Oil Company. As to the remainder of the survey, the plaintiff took nothing. This judgment indicates that defendant E. L. Smith Oil Company held the interest of a lessee in an oil and gas lease covering an undefined area.

The appellants introduced no evidence on the trial below except a stipulation with reference to the death and heirship of P. H. Nolan, whereby it appears that the appellants, with the exception of M. E. Richardson, are the widow and children of the said P. H. Nolan and have succeeded to such interest as the said P. H. Nolan may have had in the land.

The foregoing represents all of the evidence before the trial court. Appellants contend that this evidence shows title in them to an undivided 40 acres of the survey, or at least to an undivided interest in the land, and pray judgment in this court for such interest as they may be entitled to under this proof. They base their claim on the judgment in suit No. 3036, listed in Item No. 8 above, one of appellants, M. E. Richardson, being a party to said judgment, and the remaining appellants being the heirs and successors in interest of another party to said judgment, to-wit, P. H. Nolan. They say, in effect, that this judgment is binding upon appellees because appellees are privy to it through title out of parties to said judgment, namely, Craig and wife; that to deny this judgment the effect claimed by them is to avoid it on a collateral attack; that evidence to support it must be assumed and it is reasonable to assume that Craig and wife exhibited title to the interest of the children of Sebron J. Johnson, while the McInnis defendants to suit No. 3036 exhibited title to the interest of Tyron McInnis, and Richardson and Nolan exhibited title to the interest of J. J. Copley by an unrecorded deed. Appellants' contention is denied on the following grounds:

 (A) The first interest in the survey acquired by appellees' ancestor S. H. Reid was the title of J. J. Copley. By deed dated December 16, 1888, A. C. Johnson, describing herself as the wife of S. J. Johnson, deceased, conveyed all of her interest in the survey to J. J. Copley and Tyron McInnis, and her interest, on the

fact recited and on the stipulation of the parties that the survey was community property, amounted to an undivided one-half of the survey. The interests of the respective grantees were not specified and were therefore presumptively equal. Gilmer v. Beauchamp, 40 Tex.Civ.App. 125, 87 S.W. 907; John Hancock Mutual Life Insurance Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791. This vested title to an undivided one-fourth of the survey in Copley which presumptively vested in S. H. Reid under mesne conveyances closing with the deed to Reid from Coleman and Lowe, dated November 30, 1917. Copley was not a party to suit No. 3036, and his title was accordingly not affected by the judgment therein, as shown below in more detail.

The second interest in the survey acquired by appellees' ancestor S. H. Reid consisted of the greater part of the title of Tyron McInnis. Under the aforesaid deed of December 16, 1888, McInnis, as did his co-grantee Copley, presumptively acquired title to an undivided one-fourth of the survey; and on the parties' stipulation respecting his death and heirship, all of that interest was presumptively conveyed to S. H. Reid by the widow and certain children and grandchildren of the said Tyron McInnis by their deed of December 10, 1917, excepting the portion inherited by McInnis' daughter, Litia Wells, and the portion inherited by certain other grandchildren who were not parties to this deed. The interest of Litia Wells became a part of the Craig title, and the interest of the grandchildren which was not conveyed to S. H. Reid has been set aside to said grandchildren in this suit. All except two of the grantors named in this deed to S. H. Reid were parties to suit No. 3036; and the two who were not inherited their interest from their mother who was a party to that suit. Nevertheless, for reasons set out below, appellees were entitled on the record before us to prove the acquisition by their ancestor of this McInnis interest and the extent thereof, as they have done, and such proof constituted prima facie evidence of title in appellees to said McInnis' interest as against appellants, regardless of the judgment in suit No. 3036.

The third interest in the survey acquired by appellees' ancestor S. H. Reid was the title of H. E. Craig and wife, Alice Craig. After the death of H. E. Craig, this title was presumptively conveyed to Reid by Mrs. Alice Craig and the children of the said H. E. Craig by deed dated September 3, 1919. This title has been accounted for; Mrs. Alice Craig, on the stipulation of the parties, was an heir of Sebron J. Johnson, and was a patentee and the owner in her own right of an undivided one-eighth of the survey. By deed to him, dated November 18, 1908, her husband acquired at least the interests of her brother and one of her sisters, likewise heirs of Sebron J. Johnson and patentees, amounting to an additional undivided two-eighths; and this deed, which covers the entire survey, evidences a claim of title by Craig to the interest of the remaining heir of Sebron J. Johnson, his wife's other sister, Mrs. R. C. Howell, who was also a patentee and vested with an undivided $\frac{1}{8}$th interest in the survey. Mrs. Howell and husband executed and acknowledged this deed but were not named in the body thereof as parties thereto. H. E. Craig and wife were plaintiffs in suit No. 3036, and in that capacity recovered by default a judgment against Litia Wells, a daughter of Tyron McInnis. It was the aforesaid title of Craig and wife which was conveyed to appellees' ancestor by the deed from Mrs. Craig and the children of H. E. Craig, and this title purports to cover all of the survey excepting the parts thereof already acquired by Reid and the part awarded below to certain McInnis grandchildren. The defect in that title to the interest of Mrs. R. C. Howell is of no significance on this record; it is not involved in the assignment before us and we have noted the judgment of October 11, 1935, rendered by the District Court of Tyler County in suit No. 5103, referred to in Item No. 13 of appellees' proof above.

(B) We do not think the judgment in suit No. 3036 limits or defeats any of the various titles acquired by appellees' ancestor, nor limits or defeats the proof made by appellees of such titles and the extent of such titles, despite the appellees' privity with H. E. Craig and wife, against whom M. E. Richardson and P. H. Nolan and certain codefendants recovered title to and possession of an undivided interest in the survey.

The Copley title, as pointed out above, was not involved in suit No. 3036. Copley was not a party to that suit; his title was not adjudicated therein, and it remained in him subject to transfer. The writ of possession awarded to Richardson

and Nolan and their codefendants by the judgment in suit No. 3036 did not run against Copley; Laird v. Winters, 27 Tex. 440, 86 Am.Dec. 620; Jeffus v. Allen, 51 Tex. 195; Taylor v. Ward, Tex.Civ.App., 102 S.W. 465; Jolley v. Brown, Tex.Civ. App., 191 S.W. 177; and no more did it run against Copley's successor in title, S. H. Reid. Copley could show in a collateral proceeding, and thus appellees could prove below, that Copley was not a party to suit No. 3036. Scales v. Wren, 103 Tex. 304, 127 S.W. 164. Acquisition of the Craig title by appellees' ancestor S. H. Reid after he had acquired the Copley title did not limit or defeat the title and right to possession already vested in Reid under Copley; nor did Reid take title to the Craig interest under the necessity of claiming either the Craig or the Copley title, but not both, for these two titles have been accounted for, at least to the extent of showing that they ran to separate and distinct undivided interests. Appellants recognize this and under their contention that appellees, through privity with Craig and wife, are bound by the judgment in suit No. 3036 and that evidence to support said judgment in favor of Richardson and Nolan must be assumed in this proceeding, invite us to infer that Richardson and Nolan showed title in suit No. 3036 to the Copley interest by virtue perhaps of an unrecorded deed. However, this inference cannot be drawn against Copley himself nor against his remote grantee S. H. Reid. To do so would limit Copley's title and would charge it with incidents which it could properly have only had Craig been a party to suit No. 3036. Even a party to the judgment is not bound thereby when he sues in a right different from the right adjudicated by the judgment. Davis v. First National Bank, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; Montgomery v. Heath, Tex.Com.App., 291 S.W. 855.

■ The interest acquired by appellees' ancestor S. H. Reid from the widow and various descendants of Tyron McInnis was involved in suit No. 3036. The judgment in that suit jointly awarded title to and possession of an undivided one-half of the survey, less the interest of Litia Wells (a daughter of Tyron McInnis) to defendants Richardson and Nolan and to all of their McInnis codefendants excepting the said Litia Wells. No cross-adjudication was made between any of the defend-

ants in that suit; and it has not been shown that any issue or controversy existed between the defendants in said suit. The only defensive pleading in that suit which is before us is a joint answer by Richardson and Nolan and their McInnis codefendants (excepting Litia Wells, who defaulted), and the indications accordingly are that no issue was made between the defendants in suit No. 3036. Therefore, none of the title of their McInnis codefendants was vested in Richardson and Nolan by this judgment. Laidacker v. Palmer, Tex.Com.App., 231 S.W. 362, affirming the decision of this court reported at 210 S.W. 739; Smith v. Lee, 82 Tex. 124, 17 S.W. 598; James v. James, Tex. Civ.App., 164 S.W. 47; Boese v. Parkhill, Tex.Civ.App., 202 S.W. 120. Nor was any right to possession thereby vested in Richardson and Nolan as against the McInnis defendants; for on this record there was no more an issue, and in this judgment there was no more a cross-adjudication made regarding possession than existed or was made regarding title. Truly, as between themselves, this judgment on the record before us left the McInnis defendants (excepting Litia Wells, whose part plaintiffs Craig and wife recovered by default) and Richardson and Nolan as they were before it was rendered. Appellees as successors in title to the interest of such of said McInnis defendants as were parties to the deed to S. H. Reid of December 10, 1917, could make the same proof that their predecessors in title could make and could prove the title, and the extent thereof, which their predecessors had when the judgment was rendered; and this the appellees have done. The collateral nature of this proceeding as regards the judgment in suit No. 3036 does not affect appellees' right to make such proof.

■ The interest of H. E. Craig and wife was also involved in suit No. 3036, and the essential question raised by appellants is whether appellees' ancestor S. H. Reid, and thus appellees as heirs, could assert this title without raising an estoppel to deny title in Richardson and Nolan and thus, in appellants. It is of course clear that the appellees are privy to this judgment and that broadly speaking this judgment bound them. Article 7391, R.S.1925. However, we think that appellees, on the particular record before us, can assert this title without raising an estoppel; for nothing appears in evidence on which the

estoppel in favor of Richardson and Nolan could work, and no necessity is shown for any reliance by appellees on the counter estoppel against Richardson and Nolan which appellees might assert under their predecessors' recovery in that judgment.

On the record before us, the estoppel in favor of Richardson and Nolan could work only on the McInnis interest (less the portion inherited by Litia Wells), or on the titles of persons who were not parties to suit No. 3036; and the evidence shows that all of said titles are vested either in appellees or in persons other than Richardson and Nolan, namely, certain co-defendants of appellants. That is, at least, the prima facie effect of the record; if there was any defect in these titles as proven up by appellees, or if any conveyance put in evidence did not convey the full interest which it conveyed prima facie, that fact is not apparent. Appellants are not shown to be in privity with any element of the title to the survey.

It may be that if appellees had found it necessary to rely on the judgment in suit No. 3036 to defeat some claim or to obviate some evidence of title or right to possession in Richardson and Nolan, they would also be under the necessity of admitting that Richardson and Nolan had, and thus appellants have, an interest in the survey. It is said that the estoppel must be mutual. 26 Tex.Jur. 211 (Sec. 452). However, the titles proven by appellees are good and valid, back to the sovereignty of the soil; the demands and claims asserted by Richardson and Nolan in suit No. 3036 have not been brought into this suit, and appellees are not required on this record to rely on said judgment, either as res adjudicata or as estoppel against Richardson and Nolan. True it is that this judgment is the only proof before us that appellees own the interest of the McInnis heir, Litia Wells; but appellees' predecessors in title recovered this interest from the said Litia Wells, not from Richardson and Nolan. Since a title out of the sovereignty of the soil into Litia Wells has been proven by appellees, this recovery constituted proof of title at least prima facie good against the world. No privity is shown between Richardson and Nolan on the one hand and Litia Wells on the other; the subject matter of the claim against Litia Wells is at least prima facie different from the subject matter of the claim against Richardson and Nolan adjudicated in that judgment; and we see no reason why the judgment may not be treated as a valid link in appellees' chain of title to the interest of Litia Wells without regard to whether it is effective against rights vested in Richardson and Nolan. Since it was not necessary for appellees to assert an estoppel or res judicata against appellants, we will treat the judgment as having been offered for that purpose. There might have been a different question if appellants had proven their title, but this they did not do.

Appellants' contention would have strange results on the record before us. The title of Craig and wife had a direct connection with the sovereignty of the soil; and it is not unreasonable to believe that appellees' ancestor bought the Craig title primarily for that reason and not because of estoppels he might be able to assert against Richardson and Nolan under the judgment in suit No. 3036. To require, on this record, that he admit a title in Richardson and Nolan before asserting ownership of the Craigs' interest would cost him a title and right to possession he otherwise owned, not because of an incident chargeable against what he otherwise owned but because of an incident chargeable against a separate and distinct title, and would here deny him the privilege of buying in all of the title to the survey. The judgment in suit No. 3036 did not automatically establish title in Richardson and Nolan; if appellants had exhibited their title and provided something on which an estoppel could work in their favor, as they had the burden of doing, a different question might be presented, as we have said once before, but no proof of such title is before us. Until such proof was made, no occasion existed for appellees attacking that part of the decree in favor of Richardson and Nolan, and it is not apparent that any such attack has here been made. We do not think any matter of res judicata or estoppel as between appellants and appellees, nor any question of collateral attack, ever entered this case.

The judgment of the trial court is accordingly affirmed.

COE, C. J., not sitting.