## C. W. ROBINSON v. HANNAH MIGEL.

No. 3429.

**Fact Case—Identity of Grantee in Deed.**—See facts held sufficient to sustain a judgment in favor of Hannah Migel, widow, against one holding under a daughter of same name. The testimony was conflicting as to whether the deed was intended for the wife or daughter. *Held*, that the record did not show that a finding for the widow, who was the plaintiff, was without evidence to sustain it.

APPEAL from Harris. Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*E. P. Turner*, for appellant.—The case will be reversed unless the evidence is (1) reasonably sufficient to satisfy the mind of the truth of the case as made by the appellee. Railway v. Schmidt, 61 Texas, 286; Railway v. Bracken, 59 Texas, 71; Zapp v. Michaelis, 58 Texas, 275; Edmundson v. Silliman, 50 Texas, 111. (2) If the weight of the evidence is greatly against the judgment of the court. Vou Harten v. Courtade, 35 Texas, 435; Ector v. Wiggins, 30 Texas, 57; Willis v. Lewis, 28 Texas, 185; Simonton v. Forrester, 33 Texas, 584. (3) If the judgment of the court is not supported by reasonably sufficient evidence. Railway v. Marcelles, 59 Texas, 335; Gaines' Admr. v. Ann, 26 Texas, 340; Chandler v. Meckling, 22 Texas, 36.

*W. P. Hamblen*, for appellee.

HOBBY, PRESIDING JUDGE, *Section A.*—This is a suit of trespass to try title to lots 1, 2, 3, 4, 5, and 6, in block No. 62, Baker's addition to the city of Houston. It was brought by appellee, Hannah Migel, against C. W. Robinson, on July 18, 1891. The appellant, defendant below, pleaded not guilty, and improvements in good faith, and other pleas not necessary to be noticed. The cause was tried by the court without the intervention of a jury, and a judgment, after hearing the evidence, was rendered in favor of plaintiff, from which the defendant prosecutes this appeal.

The only question presented for our consideration by the assignments of error is the sufficiency of the testimony to sustain the judgment; and the feature of this testimony which is decisive of the case is, whether the plaintiff, appellee here, is the Hannah Migel to whom the property was conveyed.

If the evidence is sufficient in this respect to support the finding of the court, the judgment must necessarily be affirmed. If not, or if it shows that Hannah Finberg, formerly Hannah Migel, is the person to whom it was granted, the appellant should recover, for it is not denied that in that event he has a perfect title. It was agreed on the trial that

William R. Baker was the common source of title. He died in 1890. On November 27, 1866, he executed to "Hannah Migel, a resident of the county of Harris," etc., a deed conveying, for the consideration of $500, lots 1, 2, 3, 4, 5, and 6, in block 62 of Baker's addition to the city of Houston. The uncertainty as to what Hannah Migel was intended as the grantee, which appears to have given rise to this controversy, grows out of the following facts:

Solomon Migel, who is now dead, resided in Houston in 1866 with the appellee Hannah Migel, who was his third wife. He had five or six children, the eldest of whom was named Hannah Migel, and who was the daughter of his first wife. Appellant, who deraigns title from this daughter, contends that she is the grantee. Her testimony is, in substance, that the property was conveyed to her; that she is the Hannah Migel mentioned in the Baker deed; that her father frequently stated this to her; and that he gave Baker jewelry in exchange for this and other land, which he divided among his children. Baker's books contain an entry dated at the time of the execution of the deed, showing the conveyance of the land by him to Hannah Migel and other lands to Migel's children, in exchange for diamonds supposed to be worth $800. Finberg, now the husband of the witness Hannah Migel, rendered this land for taxation in 1884 and 1885. Such is the substance of the proof in support of her claim. There is no possession of the land shown until after appellant's purchase in October, 1890. Suit was brought in July, 1891.

The facts on which appellee relied, and on which the court below rendered its decree, were as follows: H. Prince testified, that he knew the plaintiff Hannah Migel and her husband Solomon Migel, and also his daughter, who, prior to her marriage in 1866 with Louis Finberg, was named Hannah Migel. Migel and his wife resided in Houston in 1866. The witness was then a young man in the service of Solomon Migel as bookkeeper. He stated, that he knew the deed "from Baker was intended to be a conveyance to Hannah Migel, the present widow of S. Migel, and not to Hannah Finberg, his daughter." He "knew the latter before her marriage; saw her in New Orleans in May, 1866. She was shortly after that married to Finberg, and removed to Galveston in July, 1866, and resided there at the time the deed was executed by Baker."

L. Goldberg testified, that Hannah Migel, the daughter of S. Migel, lived with him in New Orleans in 1866. He thought she married in the summer of 1866.

There are several circumstances disclosed by the proof supporting the claim of appellant, that the property was intended to be conveyed to Hannah Finberg, formerly Hannah Migel, from whom he deraigns title. It was rendered for taxation in 1884 and 1885 as her property, by her husband. She states, that her father told her that he had pur-

chased it together with other property from Baker, to be divided among five or six of his children, and that the property in question was conveyed to her; that he had exchanged about $800 worth of diamonds for it. It appears from an entry made in the books of William R. Baker at the time the deed was executed, that such was the consideration paid to him.

The contention that the appellee is the grantee mentioned in the Baker deed is also corroborated by strong circumstances. The deed recited, that Hannah Migel was a resident of Harris County, Texas. It was not controverted that the appellee was then a resident of that county, and that the daughter referred to was a resident of Galveston County. She was at that date (November 27, 1866) married, and had not borne the name of Hannah Migel for several months, a fact which it is unreasonable to suppose was not known to her father, who, she says, desired in this manner to make some provision for her by way of a gift or advancement. The weight to be attached to and the importance of these facts and circumstances were matters which addressed themselves peculiarly to the trial judge, who, it can not be doubted, was in a better position to reach a satisfactory conclusion from them than an appellate tribunal. Unless, therefore, his conclusion or finding on a question of fact of this character was without evidence to sustain it, or so plainly against the proof that we would have no hesitancy in reaching the opinion that it was manifestly wrong, we are not authorized to disturb it. In the present case the testimony is entirely sufficient to support the judgment, under well settled and repeatedly recognized rules. Appellant admits, as Prince testifies, that the latter told him that his title was not good, and notified him of this before "he commenced to improve it."

No possession was shown of the property until after appellant bought. This was in October, 1890. This suit was brought in July, 1891. The appellant had not had possession a year prior to the institution of suit.

We think the judgment should be affirmed.

*Affirmed.*