LAIDACKER v. PALMER et al.	(No. 436.)

(Court of Civil Appeals of Texas.	Beaumont.
March 25, 1919.	Rehearing Denied
April 16, 1919.)

1. TRESPASS TO TRY TITLE ⊜�φ38(2)—ACTION
—EVIDENCE—BURDEN OF PROOF—SUPERIOR
TITLE.

In trespass to try title, where the parties
agreed as to a common source, it was incumbent
upon plaintiff to show superior title from such
source.

2. JUDGMENT ⊜�φ533—CONSTRUCTION—TITLE
TO LAND.

In trespass to try title, a judgment in a
former case between other parties *held* a mere
recital, and not an adjudication of title to the
land in question.

3. TRESPASS TO TRY TITLE ⊜�φ41(2) — EVI-
DENCE—BURDEN OF PROOF.

In trespass to try title, evidence *held* not
to show that plaintiff had discharged the bur-
den of showing title from the agreed common
source superior to that of defendants.

Appeal from District Court, Liberty Coun-
ty; J. L. Maury, Judge.

Trespass to try title by N. E. Laidacker
against V. K. Palmer and another. From a
judgment for defendants, plaintiff appeals.
Affirmed.

Thos. J. Baten, R. L. Durham, and Crook,
Lord, Lawhon & Ney, all of Beaumont, for
appellant.

D. J. Harrison, of Liberty, A. W. Marshall,
of Anahuac, and H. E. Marshall, of Houston,
for appellees.

HIGHTOWER, C. J. This is an appeal
from a judgment of the district court of Lib-
erty county. The suit was one in the ordi-
nary form of trespass to try title, and ap-
pellant, Laidacker, was plaintiff below, and
the appellees, Palmer and Reavis, were the
defendants. The suit involves 25 acres of
land, a part of the Jesse Devore league in
Liberty county, which 25 acres is specific-
ally described by metes and bounds in the
plaintiff's petition. A jury was demanded,
but upon conclusion of the evidence the trial
judge peremptorily instructed a verdict in
favor of the defendants, Palmer and Reavis,
and judgment was entered accordingly.

[1-3] It was agreed by the parties that
one Emile Bourdreaux was the common
source of title, and, this being true, it was
incumbent upon appellant, as plaintiff below,
to show superior title from the agreed com-
mon source. Appellant, by proper assign-
ments, here insists that he fully discharged
the burden resting upon him as plaintiff, and
showed superior title as against appellees
from the agreed common source, and that,

having done so, the trial court was in error
in instructing a verdict in favor of appel-
lees, and, on the contrary, should have in-
structed a verdict in his favor.

The first link in the chain of title out of
the common source relied upon by appellant
for recovery was a judgment rendered by the
district court of Liberty county at its Feb-
ruary term, 1903, in a cause numbered 3409
on the docket thereof, and styled W. L. Hills
et al. v. Chas. G. Bruce et al. It is the con-
tention of appellant that by said judgment
title to the 25 acres of land in controversy
in this suit was divested out of the common
source, Emile Bourdreaux, and vested in one
Jacob C. Baldwin, who was a party to the
Hills v. Bruce suit, and appellant claims by
mesne conveyances from said Baldwin. It is
the contention of appellees that the judgment
rendered in the Hills v. Bruce suit does not
show that the title to the land in controversy
was divested out of Emile Bourdreaux, the
common source, and vested in the said Bald-
win, and that therefore appellant failed to
show superior title to the land in controversy
here as against appellees, and that the trial
court was not in error in so holding and in-
structing a verdict in their favor.

There appears in the statement of facts in
this record the judgment, in part, which was
rendered in the Hills v. Bruce suit above
referred to, and although only a part of
that judgment, still it is quite lengthy, and
for that reason we do not copy it in full in
this opinion. We have, however, considered
this judgment very carefully, and we have
reached the conclusion that it does not ap-
pear with reasonable certainty therefrom
that title to the 25 acres of land here in con-
troversy was divested out of the common
source, Emile Bourdreaux, and vested in the
said Baldwin, or that there was even any
issue or controversy between the said Emile
Bourdreaux and the said Baldwin in said
Hills v. Bruce suit. The judgment as a whole
in said Hills v. Bruce suit, or at least that
part of it which is brought here, leaves it
very doubtful and indefinite as to who all
the parties were to that suit, and as to their
relations to each other in that suit. It is
apparent that there were a number of plain-
tiffs in that suit and a great number of de-
fendants. It is the contention of appellant
that Jacob C. Baldwin was one of the plain-
tiffs in that suit, and that Emile Bourdreaux,
the common source here, was one of the de-
fendants in that suit, and it is his conten-
tion that it does appear with reasonable cer-
tainty from the judgment relied on that
Baldwin, as a plaintiff in that suit, recovered
the land in controversy from Emile Bourd-
reaux as one of the defendants. It is true
that in said judgment at one point Jacob C.
Baldwin was named as a plaintiff, but in
another portion of the judgment, which pur-

ports to name the plaintiffs, Jacob C. Baldwin's name is not mentioned as one of them, and nowhere in the judgment does it appear that Jacob C. Baldwin, as a plaintiff in the Hills v. Bruce suit, recovered the 25 acres of land in controversy as against Emile Bourdreaux, the common source here. All the papers in the Hills-Bruce suit were lost, and not one of them could be found at the time this suit was tried below, and therefore the parties were unable to show, by the pleadings or any other papers in the Hills-Bruce suit, what was really in controversy, if anything, as between Jacob C. Baldwin and the common source, Emile Bourdreaux, and appellant did not offer any other character of evidence for that purpose. Among other things, it appears from the judgment in the Hills-Bruce suit that the defendant Bruce filed a cross-action, and that Jacob C. Baldwin and Emile Bourdreaux were made defendants to that cross-action, and in disposing of such cross-action the judgment in that cause reads as follows:

"It is further ordered, adjudged, and decreed by the court that the defendant Charles G. Bruce take nothing by reason of his cross-bill against the defendant Emile Bourdreaux and Jacob C. Baldwin, and that said Emile Bourdreaux and Jacob C. Baldwin do have and recover of and from the said defendant Charles G. Bruce the following described tract of land, to wit: 50 acres of land, it being a part of the east ½ of said Jesse Devore league of land and being the same tract marked on the map as Bourdreaux 25 acres and Baldwin 25 acres and more particularly described by metes and bounds as follows: [Here follows a description of said 50-acre tract.]"

That part of said judgment then proceeds:

"That as to said defendants Jacob C. Baldwin and Emile Bourdreaux that the said Baldwin is the owner of the west one-half of said 50-acre tract and the said Bourdreaux is the owner of the east one-half thereof as will appear from their answer to said cross-bill now on file in this cause."

It is the contention of appellant that the portion of the judgment just above quoted disposing of the cross-action of Charles G. Bruce itself is a sufficient adjudication of the title to the land here in controversy in favor of Jacob C. Baldwin as against Emile Bourdreaux; while, on the other hand, it is the contention of appellees that the same, at the most, is no more than a mere recital, and is not an adjudication by the court of the title in favor of Baldwin as against Bourdreaux. After careful consideration of these respective contentions, we have concluded that appellees are correct, and that said portion of the judgment, neither by itself nor by anything that appears elsewhere, amounts to an adjudication of the title to the 25 acres in controversy in favor of Baldwin as against

Emile Bourdreaux, the common source here. Therefore it follows that appellant, who relies alone upon said judgment in the Hills-Bruce suit as a necessary link in his chain of title to the land in controversy, failed to show title thereto, and, being the plaintiff in the case, he was not entitled to recover, and the trial court did not err in instructing a verdict in favor of appellees.

It also appears from the record in this case that on the same day on which the judgment in the Hills-Bruce case was rendered Emile Bourdreaux made a deed to Jacob C. Baldwin by which he attempted to convey to Baldwin the 25 acres of land in controversy in this suit, but it is conceded by appellant that such deed passed no title, for the reason that the land at that time constituted the homestead of Bourdreaux and wife, and the wife did not join in said deed. There is no explanation in the record as to why this deed was executed by Bourdreaux, and we are inclined to think that the fact that this deed was executed by Bourdreaux to Baldwin on the day that the judgment above mentioned was rendered rather indicates that Baldwin and Bourdreaux understood at that time that the judgment in that case did not and was not intended to pass the title to the land in controversy here from Bourdreaux to Baldwin.

Upon the whole, we have concluded that appellant, as plaintiff below, did not discharge the burden resting upon him to show title to the tract of land in controversy as against the appellees, who hold by mesne conveyances from Bourdreaux and wife.

Other questions are raised by appellees in support of the action of the trial judge in instructing a verdict, but we deem it unnecessary to mention or discuss them.

Finding no error in the judgment appealed from, the same will be affirmed; and it is so ordered.