### LAIDACKER v. PALMER et al.
#### (No. 219–3347.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

Judgment ⚖➡525—Recital as to rights of co-defendants as claimed in their answer held not adjudication between them.

A judgment awarding a 50-acre tract to defendants E. and J., as against C., another defendant, who had filed a cross-bill against them, and reciting that "as to said defendants" E. and J., J. was the owner of the west half and E. of the east half of the tract, "as will appear from their answer to said cross-bill," held not to vest any title in J. as against E., being a mere recital, as respects their rights against other, as to the partial contents of their joint answer to the cross-bill of C., and the only issue joined by their answer and the only matter concluded by the judgment being the right of C. to recover against E. and J.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by N. E. Laidacker against V. K. Palmer and another. Judgment for defendants was affirmed by the Court of Civil Appeals (210 S. W. 739), and plaintiff brings error. Affirmed.

W. D. Gordon, Crook, Lord, Lawhon & Ney, and Thos. J. Baten, all of Beaumont, for plaintiff in error.

Marshall & Harrison, of Liberty, for defendants in error.

SPENCER, J. Plaintiff sued defendants in trespass to try title to the 25-acre tract of land described in the petition. Defendant answered by general demurrer, general denial, plea of not guilty, and plea of 5 and 10 year statute of limitations. It was agreed that Emil Bourdreaux was the common source of title. In support of his chain of title, plaintiff offered in evidence a judgment of the district court of Liberty county, Tex., rendered the 27th day of February, 1903, in the case of W. L. Hill et al. v. Charles G. Bruce et al., being numbered 3409 on the dockets of that court. The portion of the judgment relied upon as vesting title in Jacob C. Baldwin reads:

"It is further ordered, adjudged, and decreed by the court that the defendant Charles G. Bruce take nothing by reason of his cross-bill against the defendant Emil Bourdreaux and Jacob C. Baldwin, and that said Emil Bourdreaux and Jacob C. Baldwin do have and recover of and from the said defendant Charles G. Bruce the following described tract of land, to wit: 50 acres of land, it being a part of the east one-half of said Jesse Devore league of land, and being the same tract marked on the map as Bourdreaux 25 acres and Baldwin 25 acres, and more particularly described by metes and bounds as follows: [Here follows a description of said 50-acre tract.]

"That as to said defendants Jacob C. Baldwin and Emil Bourdreaux, that the said Baldwin is the owner of the west one-half of said 50-acre tract and the said Bourdreaux is the owner of the east one-half thereof, as will appear from their answer to said cross-bill now on file in this cause."

The plaintiff also offered in evidence the following deeds: Deed from Jacob C. Baldwin to David Hannah, dated February 15, 1906; deed from David Hannah to J. G. Stoval and J. W. Pelt, dated March 3, 1906; deed from J. G. Stoval and wife and J. W. Pelt and wife to Charles G. Bruce, dated January 3, 1916.

Defendants offered the following deeds in evidence in support of their chain of title: Deed from Emil Bourdreaux to Jacob C. Baldwin, dated February 27, 1903; deed from Emil Bourdreaux and wife, Mary J. Bourdreaux to J. J. Reavis, dated November 16, 1912; deed from J. J. Reavis and wife, Euna Reavis to defendant, dated November 16, 1912.

The trial court permitted, without objection, testimony by Mary J. Bourdreaux to the effect that, at the time of the deed by Emil Bourdreaux to Jacob C. Baldwin, in which she did not join, she was using and occupying the land in question, as her homestead, and that she continued to claim, use, and occupy it until the date of sale to J. J. Reavis. Upon the conclusion of the evidence, the court, at the request of defendants, gave the following peremptory instructions:

"Gentlemen of the jury, the evidence shows that, at the date of the deed from E. Bourdreaux to J. C. Baldwin, to wit, February 27, 1903, the land described therein as being the same land in controversy was the homestead of E. Bourdreaux. You will therefore return a verdict for defendants."

Upon appeal, the Court of Civil Appeals affirmed the judgment. 210 S. W. 739.

The only issue in the case is, Does the judgment in cause No. 3409 vest title in this land to J. C. Baldwin? Plaintiff recognizes this as the only issue by stating in his brief, filed in the Court of Civil Appeals, that, under the evidence offered, if Jacob C. Baldwin acquired title to the 25-acre tract which was set apart to him by the court against Emil Bourdreaux, the plaintiff is entitled to recover in this suit; if he did not, the plaintiff is not entitled to recover.

The title to the entire tract of 50 acres, of which the 25 acres in controversy is a part, was in Emil Bourdreaux at the date of the judgment of February 27, 1903. In that judgment the court awarded the 50 acres of land to Emil Bourdréaux and Jacob C. Baldwin, as against Charles G. Bruce, the defendant in that suit. But we do not think that the judgment undertakes to divest the title out of Bordreaux and into Baldwin. The portion of the judgment relied upon as having that effect is nothing more than a mere recital as to the partial contents of their answer to the cross-bill of Bruce. The only issue joined by their answer, and the only matter concluded by the judgment, was the right of Bruce to recover as against Bourdreaux and Baldwin, but this was not an adjudication of any rights between Bourdreaux and Baldwin. As said in Finley v. Cathcart, 149 Ind. 478, 48 N. E. 586, 589 (63 Am. St. Rep. 292):

"It is affirmed in Jones v. Vert, 121 Ind. 140, that party, to successfully invoke the doctrine of former adjudication, must be one who, in the former action, tendered to the party against whom he invokes it an issue to which the latter could have demurred or pleaded; and, where two or more defendants make an issue with the plaintiff, a judgment determining that issue in favor of the defendant does not settle the question between codefendants."

The record does not reveal that there was any issue between Bourdreaux and Baldwin. If, by appropriate pleadings, one had assailed the title of the other, and thereby put in issue the question of title as between them, a different question would be presented. But, instead of this, it appears that they filed a joint answer to the cross-bill of Bruce, indicating that they were not adversaries in that suit. Therefore the recital of the judgment as to what their answer contained as to the ownership of the land cannot be held an adjudication of the title as between

them. Railway v. Railway, 83 Tex. 509, 18 S. W. 956.

In view of the conclusion reached, we recommend that the judgment of the Court of Civil Appeals and of the trial court be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes