TOMMIE DAVIS ET UX v. LOUIS GALE.

No. A-7172. Decided January 6, 1960.
(330 S.W. 2d Series 610)

*Jno. T. Buckley,* of Cleveland, for petitioners.

The Court of Civil Appeals erred in holding that the description of the land given in the deed of trust is sufficient to identify same. Texas Osage Co-operative Royalty Pool v. Caldwell, 205 S.W. 2d 93; Osborne v. Moore, 247 S.W. 498; Smith v. Sorelle, 126 Texas 353, 87 S.W. 2d 703.

*Malcolm Cohn,* of Cleveland, for respondent.

In reply to petitioner's points of error, cited, Gates v. Asher, 154 Texas 538, 280 S.W. 2d 247; Wilson v. King, 148 S.W. 2d 442; Sun Oil Co. v. Smith, 113 S.W. 2d 683.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit in trespass to try title and to remove cloud from title filed by the petitioners against the respondent. For convenience, the parties will hereafter be designated as in the trial court.

The plaintiffs waived all counts contained in their second amended original petition, except the one in trespass to try title, and went to trial on pleadings alleging that they were the owners in fee simple and entitled to the possession of a tract or parcel of land situated in Liberty County, Texas, being Tract No. B (4) consisting of three acres of the Chas. Holt Addition to the City of Cleveland, Texas; that on October 4, 1955 a cloud was cast upon their title to said land by virtue of the execution and delivery of a deed by Malcolm Cohn, acting as trustee to the defendant, Louis Gale. Plaintiffs prayed that upon final hearing they recover against the defendant "removing all clouds from the title and particularly setting aside the sale of Malcolm Cohn as trustee on the 4th day of October, 1955, wherein he attempted to sell Tract No. B-4, consisting of three (3) acres of the Chas. Holt Addition to the City of Cleveland, Liberty County, Texas."

On February 25, 1957, the defendant filed an answer containing a plea of not guilty, and a special plea that on December 4, 1953, the plaintiffs executed a "mechanics" and materialmen's lien and deed of trust to Louis Gale, * * * upon * * * tract No. B (4) acres of Port Addition to the City of Cleveland, Liberty, Texas." Defendant further alleged that the description was erroneous and that the land should have been described as "tract No. B (4) of the Holt Addition to the City of Cleveland, County of Liberty, State of Texas." Defendant prayed that "plaintiffs take nothing, that the defendant go hence without day and recover of plaintiffs all costs in this behalf expended, that said tract B-4 of the Port Addition to the City of Cleveland, Liberty County, Texas be declared Tract No. B-4 of the Holt Addition to the City of Cleveland, Texas, * * *."

The case was tried to the court without the aid of a jury. It was stipulated that one Charlie Holt was the common source of title. Plaintiffs introduced in evidence a warranty deed dated September 27, 1948, from Charlie Holt to plaintiffs, Tom Davis and wife, Julia Davis. Plaintiffs next introduced in evidence the trustee's deed, supra, "not a muniment of title, but for the limited purpose of showing a cloud upon our title." The plaintiffs next read into the record, without stating its purpose, a stipulation and agreement that "Malcolm Cohn, acting as substitute trustee, on the 4th day of October, A. D. 1955, sold, or attempted to sell Tract B-4 containing three (3) acres, in the Holt Addition to the City of Cleveland, Liberty County, Texas, to defendant, Louis Gale."

The defendant introduced in evidence an instrument referred

to as a Mechanics' and Materialmen's Lien and Deed of Trust Lien. This instrument, dated December 4, 1953, describes the property as being "Tract #B (4) acres of the Port Addition to the City of Cleveland, County of Liberty, State of Texas."

The trial court entered judgment in favor of the defendant, Louis Gale, and ordered, adjudged, and decreed that he have and recover title to and possession of "Block Number B Four (4) containing three acres of the Holt Addition to the City of Cleveland, Liberty County, Texas." That judgment has been affirmed by the Court of Civil Appeals for the Third Supreme Judicial District at Austin, Texas. 319 S.W. 2d 144.

The Court of Civil Appeals, in effect, has held that the tract described in the lien instrument is the same as "Tract B-4, containing 3 acres of the Holt Addition." The court agrees that the descriptions are different, but holds that since the plaintiffs had lived continuously on Tract B-4, containing 3 acres of the Holt Addition, and had never lived on any other land, and since plaintiffs admitted that a lien was given to secure the payment for improvements placed on said land, resort may be had to extrinsic evidence to aid in identifying the land, and that it may be inferred from the evidence that the plaintiffs intended to give a lien on the tract of land involved in this suit.

The judgments of the trial court and the Court of Civil Appeals must be reversed for the reasons now to be stated.

1   In a trespass to try title suit, where the parties agree as to a common source, it is incumbent upon the plaintiff to discharge the burden of proof resting upon him to establish a superior title from such source. See Rule 798, Texas Rules of Civil Procedure; Laidacker v. Palmer, Texas Civ. App., 210 S.W. 739 [affirmed (Com. App.) 231 S.W. 362], judgment adopted by the Supreme Court; Smith v. Little, Texas Civ. App., 217 S.W. 2d 881, er. ref. n.r.e.

2   In the instant case, the plaintiffs by the introduction of the deed from the stipulated common source, made out a prima facie case which entitled them to recover on their count of trespass to try title, unless the defendant has shown the better right or superior title under the common source. See Simmons Hardware Company v. Davis, 87 Texas 146, 27 S.W. 62. Where the plaintiff has shown title under the agreed common source, the burden of proof shifts to the defendant to show a superior title under the common source, or to show that he holds under a superior title

not connected with the common source, or to show that the true title is outstanding, etc. See Howard v. Masterson, 77 Texas 41, 13 S.W. 635; Temple Lumber Company v. Arnold, Texas Civ. App., 14 S.W. 2d 926, wr. dism.; Krasa v. Derrico, Texas Civ. App., 193 S.W. 2d 891, no writ history. The defendant failed to establish a superior title in himself. He introduced no evidence, except the Mechanics' and Materialmen's Lien and Deed of Trust Lien, supra. That instrument does not describe the land involved in this suit. Therefore, it was of no aid to the defendant in establishing title out of the plaintiffs. The stipulation that Malcolm Cohn, acting as substitute trustee, *sold or attempted to sell* the tract of land involved in this suit did not overcome the prima facie case made by the petitioners through the introduction of their deed. No right or title was shown into Malcolm Cohn. At most, the stipulation merely establishes a cloud upon plaintiffs' title. Neither was the prima facie case made out by the plaintiffs overcome by plaintiffs' introduction of the trustee's deed. The trustee's deed was not introduced as a miniment of title, but only for the limited purpose of showing a cloud upon plaintiffs' title. Since the evidence was introduced for a limited purpose by the plaintiffs, it will not inure to the benefit of the defendant in proof of his title. See Rule 798, Texas Rules of Civil Procedure; 41-A Texas Jur. 710.

3 Having determined that the judgments of the lower courts must be reversed, we come to the question of whether judgment should be rendered here that the plaintiffs recover the land sud for or that the case be remanded to the trial court. Where a judgment has been reversed, it is the rule to remand to the trial court for a new trial rather than to render, where the ends of justice will be better subserved thereby. See Rule 505, Texas Rules of Civil Procedure; Hicks v. Matthews, 153 Texas 177, 266 S.W. 2d 846. It appears that the justice of this case demands another trial. This court has often remanded a cause to give parties an opportunity to supply additional evidence and to amend pleadings. See Hicks v. Matthews, supra; Associated Oil Co. v. Hart, Texas Com. App., 277 S.W. 1043.

The judgments of the trial court and the Court of Civil Appeals are reversed, and the cause is remanded to the trial court.

Opinion delivered January 6, 1960.