**Berry BUTLER et al., Appellants,**

**v.**

**Leon MOTEN et al., Appellees.**

**No. 3834.**

Court of Civil Appeals of Texas.

Waco.

April 20, 1961.

Berry & Smither, Huntsville, for appellants.

W. T. Bennett, Mac L. Bennett, Jr., Huntsville, for appellees.

McDONALD, Chief Justice.

This is a trespass to try title case filed by Berry Butler, et al., against Leon Moten and wife. The property involved is approximately 90 ft. by 143 ft., and is located in Huntsville, Walker County, Texas. Plaintiffs allege a record title, as well as title by virtue of the 3, 5, and 10 year Statutes of Limitations. Defendants filed a plea of not guilty and a cross-action in which they prayed for title and possession to the property in question.

Trial was to a jury. The Court submitted one issue to the jury inquiring if the plaintiffs and those under whom they claimed held peaceable, adverse possession of the land in controversy, cultivating, using or enjoying the same for any period of 10 years prior to filing suit.

The jury answered the foregoing issue "No", and the Trial Court entered judgment that plaintiffs take nothing, and decreed title and possession of the premises in defendants, "free and clear of any claim, right, or title of the plaintiffs."

Plaintiffs appeal, contending the Trial Court erred in not entering judgment for plaintiffs because:

1) Plaintiffs showed possession of the premises from April, 1928 until May, 1958, and such possession placed the burden of proof on defendants, which burden was in no manner discharged by defendants.

2) Plaintiffs offered undisputed proof of continuous possession for 30 years under a claim of right evidenced by their deed.

3) Defendants failed to connect their title to Byrd Eastham, the common source, since they failed to prove that Darkus Spivey was dead or that their claim came through Darkus Spivey by inheritance.

4) Defendants claimed under a deed given in 1880 but recorded in 1890, 4 years after the premises had been partitioned by the heirs of Byrd Eastham, and under which partition plaintiffs claim title.

5) The possession by Scott Alexander and Irma Alexander and their heirs (plaintiffs) for the 30 year period under the deed to Irma Alexander is presumed adverse as a matter of law, and could be broken only by defendants' filing a suit attacking the title claimed by plaintiffs.

The record reflects that Byrd Eastham was the common source of title. Plaintiffs claim as the heirs of Irma Alexander, who holds under a deed from one Randolph, whose title is deraigned under the partition of the estate of Byrd Eastham, who died in 1883. Defendants hold under a deed from Fillmore Spivey. The record reflects as to this chain of title that Byrd Eastham deeded the property to Darkus Spivey in 1880. Amanda Spivey deeded the property to Fillmore Spivey, the deed reciting that "Fillmore Spivey has helped me pay off a note given Byrd Eastham by my mother, Darkus Spivey." It is true that defendants' chain of title is incomplete in showing either that Darkus Spivey is dead and who her heirs were, but nevertheless, it shows that the true title is outstanding otherwise than as reflected by plaintiffs' record title, and that plaintiffs' record title is inferior to such other chain of title passed from common source. The record further shows that plaintiffs' predecessors in title went into possession under their deed in 1928, and that defendants went into possession under their deed in 1926; and that defendants' and plaintiffs' predecessors engaged in some dispute as to the rightful possessor of the premises. The record reflects that plaintiffs' predecessors were either in occupancy of the premises or their belongings were on such premises for some 20 years following 1928; and that defendants were in occupancy for some 15–18 years following 1926; and finally that defendants paid taxes on the premises, but is silent as to any taxes ever paid by plaintiffs' predecessors.

In such state of the record, both parties asserting a record title, and plaintiffs asserting in addition a title under the 3, 5, and 10 year Statute of Limitations, the Court submitted the case to the jury on the sole issue as to whether plaintiffs and those under whom they claimed, held adverse, peaceable possession of the land in controversy, cultivating, using and enjoying the same, for any period of 10 years, prior to filing suit.

Plaintiffs filed no exception or objection to the charge and issue as submitted by the Trial Court, and requested the submission of no further issues.

The jury answered such issue: "No."

Under the record before us, we think that plaintiffs' record title was inferior to defendants' record title, and in any event defendants showed an outstanding record title superior to plaintiffs'. See: Davis v. Gale, Tex., 330 S.W.2d 610, 611. The Trial Court submitted plaintiffs' case

on the 10 year Statute of Limitations to the jury. Whether there is such a possession and use is a question for the jury to decide. See: Kidd v. Presswood, Tex.Civ.App., 266 S.W.2d 191, W/E Ref. n. r. e.; McCall v. Grogan-Cochran Lumber Co., 143 Tex. 490, 186 S.W.2d 677. Under the record before us, the evidence is ample to sustain the finding of the jury. Both the record title and the limitation title to the premises, asserted by plaintiffs, therefore fail.

 The rule is that in a trespass to try title suit, the plaintiff must recover on the strength of his own title. Kauffman v. Shellworth, 64 Tex. 179; Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185; Davis v. Gale, Tex., 330 S.W.2d 610, supra. If the plaintiff fails to establish his title, the effect of a judgment to take nothing against him is to vest title in the defendant. Permian Oil Co. v. Smith, 129 Tex. 413, 73 S. W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152. Hejl v. Wirth, Tex., 343 S.W.2d 226.

All of plaintiffs' contentions are overruled and the judgment of the Trial Court is affirmed.