Oliver A. HOWLAND, Appellant,

v.

J. T. HOUGH, Jr. et al., Appellees.

No. 5030.

Court of Civil Appeals of Texas, Eastland.

May 19, 1977.

Rehearing Denied June 23, 1977.

Vernon M. Pfluger, Ferguson & Ferguson, Austin, for appellant.

Forrest N. Troutman, Troutman & Hill, Austin, for appellees.

WALTER, Justice.

Oliver A. Howland filed suit against J. T. Hough, Jr. and wife, Lucille, in Trespass to

Try Title covering 8.36 acres in Travis County. He also pleaded the 3, 5, 10 and 25 year Statutes of Limitations and prior possession. Hough and wife pleaded "Not Guilty" and the 3, 5, 10 and 25 year Statutes of Limitations. Defendants also pleaded they had made valuable improvements on the property and that these improvements had a value in excess of $10,000.

The jury found (1) that plaintiff, Howland, did not have exclusive, peaceable, continuous and adverse possession of the land in controversy for a period of 10 years prior to the time of filing this lawsuit on October 15, 1974; (3) that plaintiff, Howland, was in possession of the land in controversy prior to February 25, 1974; (4) that Hough and wife did not have exclusive, peaceable, continuous and adverse possession of the land in controversy for a period of 10 years prior to the filing of this lawsuit on October 15, 1974; (5) that J. T. Hough and wife were possessors in good faith of the land in controversy for at least one year next before the commencement of this lawsuit on October 15, 1974; (6) that defendants, Hough and wife, made permanent and valuable improvements on said land during the time they had possession; (7) at the time of trial there was a house, a mobile home, a storage building and a utility building on said land; (8) the value of such improvements was $17,800; (9) the difference between the value of the land in controversy with the improvements and the value without the improvements is $17,800; (10) that Hough and wife made permanent and valuable improvements on said land without the intent to defraud; (11) the improvements enumerated above are presently on the land in controversy; and (12) the improvements can be removed without substantial and permanent damage to the land.

The court entered a judgment that plaintiff take nothing and he has appealed.

Howland purchased 100 acres out of the J. O. Irwin (Erwin) Survey in Travis County, Texas, from C. F. Williams and wife, Vera R. Williams, on April 30, 1946 which was recorded in the Deed Records of Travis County on May 1, 1946. The patent shows this as the James O. Irvine Survey. Howland contends the disputed tract of 8.36 acres formed the northeasterly portion of the 100 acre tract.

Howland introduced his deed from Williams as his exhibit number 9. He also introduced exhibit number 13 which is a map showing the disputed tract and some of the surrounding lands. The land in dispute had been marked with an "X" on plaintiff's exhibit number 13.

The statement of facts contains the following:

"THE COURT: Let me ask the witness to do something. For the benefit of the Court and Jury, take this blue wax pencil—I don't have a ruler—and draw onto that Exhibit No. what—

THE WITNESS: 13.

THE COURT: —13 where the land would lie that has just been described to you by metes and bounds from—in your reading from Plaintiff's Exhibit No. 9. Will you do that for us so we'll know what we're talking about?

THE WITNESS: (Witness doing same).

Q Mr. Steager, would you also indicate with that blue marking pencil where the disputed tract is on this map?

A (Witness doing same).

THE COURT: Containing eight point what?

MR. TROUTMAN: To the point where we estimated where this line should be, it contains 8.36 acres—okay—approximately.

Q All right. Now, Mr. Steager, when you examined Plaintiff's Exhibit No. 13, can you testify to this Jury that the little spot of land that you have marked with an 'X' is contained within the other blue lines that you have marked on that Plaintiff's Exhibit No. 13?

A No, sir, it's not contained within the blue lines.

THE COURT: In other words, the acreage which you have designated with an 'X' containing approximately 8.36 acres is not contained within the field notes of Plaintiff's Exhibit No. 9? Am I correct in the stated—

THE WITNESS: Yes, sir.

THE COURT: —proposition?

THE WITNESS: It does not fall within the field notes as written."

Charles Steger, a registered professional engineer, testified substantially as follows:

Plaintiff's exhibit number eleven is a plat I prepared from an actual survey on the ground of the Howland land as we interpreted it to be fenced or occupied in 1973 when we made the survey.

Steger was asked:

"Q Now, if you were to invert the call we spoke of, would that area shown on Plaintiff's Exhibit No. 11 be contained within the Howland deed?

And he answered:

"A The way I inverted it, this portion here would be."

Steger continued as follows:

By inverting the call a portion of the disputed tract would be in the Howland tract.

The Court asked the question:

"THE COURT: Well, how much of the 8.36 acres under the inversion would be included within the Howland tract?

Steger answered:

"THE WITNESS: The lower—I'd say lower 60 percent."

Steger continued to testify as follows:

To a certain extent Mr. Howland assisted me in locating his corners and telling me what land was his, but was not with us while we were surveying his land.

In *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961), the court said:

"It has long been the rule in this State that in a trespass to try title suit, the plaintiff must recover upon the strength of his own title. *Kauffman v. Shellworth*, 64 Tex. 179; *Hovel v. Kaufman*, Tex.Com.App., 1926, 280 S.W. 185; *Davis v. Gale*, 1960, 160 Tex. 309, 330 S.W.2d 610. If the plaintiff under the circumstances fails to establish his title, the effect of a judgment of take nothing against him is to vest title in the defendant. The rule is a harsh one, but it also has been well established as a rule of land

law in this State. *French v. Olive*, 1887, 67 Tex. 400, 3 S.W. 568; *Permian Oil Co. v. Smith*, 1934, 129 Tex. 413, 73 S.W.2d 490, 111 A.L.R. 1152."

Prior to the instant suit, Judy Johnson filed a lawsuit against J. T. Hough and Oliver A. Howland in Travis County in which Howland filed an answer. In his prayer, he pleaded:

"WHEREFORE, premises considered, Defendant prays judgment of the Court, declaring that the land shown as Exhibit "D" of Plaintiff's Original Petition be all of the land owned by Defendants J. T. Hough and wife, Lucille Hough in the Irvine or Howlett surveys in Travis County, Texas; further that Defendant Oliver A. Howland be declared to be the owner of that certain tract of land described in the deed from C. F. Williams and wife, Vera R. Williams to Oliver A. Howland, dated April 30, 1946, of record in Vol. 793, Page 101, of the Deed Records of Travis County, Texas, and that title to such land be quieted in him and that the cloud existing thereon by reason of the claim of J. T. Hough and wife, Lucille Hough, be in all things removed; that Defendant have all other relief, specific and general, to which he may be entitled, together with his costs in this behalf expended.

This case was dismissed for want of prosecution on June 15, 1972.

At the time of trial, the Houghs lived on the disputed tract which is described as 11702 Four Iron Drive and received water from the city and electricity from LCRA. Hough introduced a deed from Jesus Garcia to the first 10 acres he purchased in January, 1947. Hough purchased a sales contract dated July 27, 1945, that a Mr. Adams had with Garcia to purchase the disputed area between his first 10 acres he purchased from Garcia and the Nehring property.

Hough introduced another deed from Garcia which purported to convey the first ten acres he purchased from Garcia and the disputed tract dated January 18, 1954.

Hough testified substantially as follows:

Howland never argued the situation when I told him I owned the land. It wasn't until 1958 that he did anything about it when he filed on me in connection with this other case. From 1947, I have paid all the taxes except for 1975.

Mr. Howland and I were involved in the same dispute in the Judy Johnson lawsuit as we are involved in today. Just before the time the Judy Johnson suit was filed, I cleared the property because I intended to build a house and I decided to sell in 1968 so I quit. It was after I signed a contract to sell the lawsuit was filed.

I started clearing the property "immediately after this suit had been throwed out of court that he had against me because the understanding I got was that that was it." I cleared it, started putting improvements on it and moved a mobile home in about September, 1973. From 1954 up until today, I have used and occupied the disputed tract.

 In order to establish prior possession, Howland had the burden of establishing he was in actual possession of the disputed tract which was exclusive and peaceable. *Land v. Turner*, 377 S.W.2d 181 (Tex. 1964).

In *Land v. Turner, supra,* the court said:
"One who does not prove that his possession was disturbed by another's entry has the burden to prove that he did not abandon his possession."

Howland was not in actual possession when he was ousted by the Houghs, and the record does not show as a matter of law that he did not abandon the possession he was claiming under his deed from Williams and no issues were submitted on abandonment. "But there must be prior actual possession to initiate 'prior possession' in trespass to try title." *Land v. Turner, supra.* Howland cannot recover under prior possession because the evidence shows he was only in constructive possession of the disputed tract under the Williams deed which we have held was ineffective to convey the disputed tract.

In *Land v. Turner, supra,* it is also said:

"To recover in trespass to try title, the plaintiff must recover upon the strength of his own title. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961). He may recover by (1) proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession, and that the possession had not been abandoned. Prior possession has other ramifications, but we are here dealing with alleged possession by Turner under a deed (though the deed was ineffectual as a conveyance as to the 44 acres), and a trespasser, Land."

 We hold Howland has failed to discharge his burden of establishing his title by a regular chain of conveyances from the sovereign. He has failed to establish he is entitled to the disputed tract upon the strength of his own title.

 Appellant contends the court erred by refusing to admit into evidence the deed from the Houghs to Mitchell Wong dated October 8, 1973. Appellant contends the deed was admissible because it contained an admission against the interest of the Houghs and was an admission inconsistent with their position at the time of trial.

At the time of trial, Houghs were claiming the disputed tract and in the deed they executed to Wong they recognized it as belonging to Howland by inserting a call in the deed as follows:

"THENCE along the North line of the said Hough tract *and a South line of the Oliver Howland tract* as recorded in Vol. 793, Page 100, Deed Records of Travis County, Texas, N 71 deg. 00′ E for a distance of 478.67 feet to an iron stake in the West line of Balcones Country Club Road." (Emphasis added)

In *Davis v. Breithaupt*, 427 S.W.2d 666 (Tex.Civ.App.—Austin 1968, writ ref. n. r. e.), the court said:

". . . Evidence of conduct by a party to a lawsuit which is inconsistent with his present position may be be introduced in evidence against the party as an ad-

mission. *Texas General Indemnity Co. v. Scott*, 152 Tex. 1, 253 S.W.2d 651 (1952); *Cheshire v. Dow Chemical Co.*, 319 S.W.2d 358 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.) ."

See also 2 McCormick & Ray, Texas Evidence § 1141 (2nd ed. 1956).

By refusing to admit into evidence the Wong deed, the court committed reversible error because this evidence was material and relevant to the causes of action pleaded by appellants.

The judgment is reversed and the cause is remanded.