

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00020-CV

_____

AZETA DURANT, Appellant

V.

LUMBERJACK ENERGY, LLC, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 20-0225

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

## O P I N I O N

Azeta Durant appeals the trial court's summary judgment, which quieted title to mineral rights in 21.5 acres of land located in Harrison County, Texas (the Property), in favor of Lumberjack Energy, LLC.[1]  On appeal, Durant argues that the trial court erred in declaring invalid the quitclaim deed that purportedly gave Durant's mother an interest in the Property. Because we find no error in the trial court's conclusion that the quitclaim deed was invalid, we affirm the trial court's judgment.

## I.    Standard of Review and Relevant Caselaw

"We review a trial court's grant of summary judgment de novo." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021).  "In a traditional motion for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law."  *Id.* (citing TEX. R. CIV. P. 166a(c)).  "When a movant meets that burden of establishing each element of the claim . . . on which it seeks summary judgment, the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements."  *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).  In deciding the issue, "[w]e review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion."  *Eagle Oil & Gas*, 619 S.W.3d at 705 (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam)).

---

[1]The Property is more fully described as "21.50 acres, more or less, situated in the Zion Roberts Survey, A-595, Harrison County, Texas, described as Block No. 2 set aside to Lula Douglas in a Partition Deed dated February 8, 1929, and recorded in Vol. 171, Pg. 608 of the Deed Records of Harrison County, Texas."

"Trespass to try title is the sole method to determine title to land or real property in cases where there is no boundary dispute." *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 669 (Tex. App.—Texarkana 2017, pet. denied) (citing *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004), *superseded on other grounds by* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(c); *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App.—Texarkana 2011, pet. denied)). "In a trespass to try title suit, 'it is "incumbent on the plaintiff to discharge the burden of proof resting on him to establish superior title."'" *Id.* (quoting *Tipps v. Chinn Expl. Co.*, No. 06-13-00033-CV, 2014 WL 4377813, at *5 (Tex. App.—Texarkana Sept. 5, 2014, pet. denied) (mem. op.) (quoting *Davis v. Gale*, 330 S.W.2d 610, 612 (Tex. 1960)).

"To maintain an action of trespass to try title, the person bringing the suit must have title to the land sought to be recovered." *Id.* at 670 (quoting *Tipps*, 2014 WL 4377813, at *5 (quoting *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.—Texarkana 2010, no pet.))). "A plaintiff[']s right to recover depends on the strength of his or her own title, not the weaknesses of the title of his or her adversary." *Id.* (quoting *Tipps*, 2014 WL 4377813, at *5 (quoting *Ramsey*, 313 S.W.3d at 505)). "A plaintiff is not entitled to recover unless the plaintiff's own title is effectively disclosed." *Id.* (quoting *Tipps*, 2014 WL 4377813, at *5). "Recovery can be based on proof of . . . superior title out of a common source." *Id.* (quoting *Tipps*, 2014 WL 4377813, at *5). Here, Lumberjack asserts superior title out of a common source.

## II.     Factual and Procedural Background

Lumberjack and Durant both filed petitions to quiet title to the Property and alleged Odell Townsend as the common source. Lumberjack filed a motion for summary judgment on its

3

claim.  The evidence attached to Lumberjack's motion and to Durant's response showed the following ten key undisputed facts:

(1)     Odell married Katherine Nichols and they had four children;

(2)     two children, Jerry Lynn Townsend and Odell Townsend, Jr., from Odell's first marriage predeceased Odell, leaving two surviving children, Lorine Townsend Burse and Clarence William Townsend;

(3)     Odell's marriage to Nichols ended in divorce in 1974;

(4)     in 1975, Odell married Ella Buter, who had three children of her own prior to the marriage, including Durant;

(5)     Odell and Ella had no children together;

(6)     the Property was originally deeded to Lula Douglas on February 8, 1989, who bequeathed the Property to Odell in her last will and testament;

(7)     Odell signed a quitclaim deed to the Property in 1995 that stated, "THE GRANTOR, ODELL TOWNSEND . . . conveys and quitclaims to the GRANTEES, ODELL TOWNSEND and ELLA TOWNSEND, husband and wife, in joint management community, with rights of survivorship" the 21.5-acre Property;

(8)     Odell died intestate in 1999;[2]

(9)     Odell's two surviving children, Lorine and Clarence, conveyed their interest in the Property's mineral estate to Lumberjack in 2018;

(10)    Ella died in 2019, leaving her entire estate to Durant.

Recognizing that the 1995 quitclaim deed (the 1995 Deed) presented a complication to its title, Lumberjack's summary judgment argued that it was an invalid attempt to convert Odell's

---

[2]When a person dies intestate leaving behind a surviving spouse and children, the surviving spouse is entitled to "a life estate in one-third of the [decedent's] land, with the remainder descending to the [decedent's] child or children and the descendants of a child or children." TEX. EST. CODE ANN. § 201.002(b)(3); *see* Act of March 17, 1955, 54th Leg., R.S., ch. 55, 1955 Tex. Gen. Laws 88, 106 (formerly TEX. PROB. CODE ANN. § 38(b)(1)), *repealed by* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 1, 2009 Tex. Gen. Laws 1512, 1516 (recodified at TEX. EST. CODE § 201.002(b)(3)).

4

separate property into community property because it lacked Ella's signature. Durant argued that the law in effect in 1995 did not require Ella's signature for the conveyance to be valid and that, at a minimum, the deed conveyed a right of survivorship to Odell's separate property.

The trial court agreed with Lumberjack's interpretation of the 1995 Deed and granted its motion for summary judgment. In addition to declaring the 1995 Deed invalid, the trial court entered a declaratory judgment ordering its removal from deed records, quieted title to the Property in Lumberjack's favor, and awarded $12,375.00 in attorney fees.

## III. There Was No Error in the Trial Court's Interpretation of the Quitclaim Deed

The question before us on appeal is whether the 1995 Deed was a valid transfer of interest into the community estate. Durant acknowledges that the law currently allows for the transfer of separate property to the community, provided that the conveying document contains the signature of both spouses. Section 4.203 of the Texas Family Code, which became effective in 2000, states:

> (a)  An agreement to convert separate property to community property:
>
>> (1)  must be in writing and:
>>
>>> (A)  be signed by the spouses;
>>>
>>> (B)  identify the property being converted; and
>>>
>>> (C)  specify that the property is being converted to the spouses' community property; and
>>
>> (2)  is enforceable without consideration.
>
> (b)  The mere transfer of a spouse's separate property to the name of the other spouse or to the name of both spouses is not sufficient to convert the property to community property under this subchapter.

5

TEX. FAM. CODE ANN. § 4.203.  Section 112.052 of the Texas Estates Code, which became effective in 2014, requires the signature of both spouses to create a community property survivorship agreement.  TEX. EST. CODE ANN. § 112.052.  Since those laws were not in existence when Odell signed the 1995 Deed, Durant argues that the trial court erred in declaring it invalid.

We look to the law in effect at the time Odell signed the 1995 Deed to resolve this issue. Property acquired by a spouse during marriage "by gift, devise or descent" is that spouse's separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977); *see* TEX. FAM. CODE ANN. § 3.001.  Because the Property was given to Odell by devise, it is undisputed that it was his separate property before he signed the 1995 Deed.  Durant argues that the 1995 Deed contained Odell's intent to convert his separate property into community.  While we agree, we conclude that the law in effect at the time did not allow for such a transfer in this circumstance.

Relying on the Texas Supreme Court's opinion in *Tittle v. Tittle*, 220 S.W.2d 637 (Tex. 1949), Lumberjack argues that, regardless of Odell's intent, the 1995 Deed was invalid.  *Tittle* is on point with the facts of this case.  There, husband owned 342.5 acres of property as his separate property and purported to convey it by deed to himself and his wife.  *Id.* at 638.  After the trial court declared the purported conveyance "void and of no force and effect whatsoever," *id.* at 639, the Texas Supreme Court agreed and concluded "that the transaction did not change from separate to community the property described in the deed, and that the deed did not convey to the wife an interest in the land," *id.* at 640.  The Texas Supreme Court explained:

6

> Property of husband and wife in this state gets its character as belonging separately to one of them or in common to both from the statutes defining their separate and community estates. * * * Separate property of either spouse may be conveyed to the other in such way as to become his or her separate property, and community property may be so conveyed by the husband to the wife as to make it hers separately. This is true, not because the parties chose to name the property separate, but because the facts transpire to bring it within the statutory definition; and the law, operating upon such facts, vests title in accordance with them. The act of the parties is such as the law defines as necessary to create the separate right. Therefore the question whether particular property is separate or community must depend upon the existence or nonexistence of the facts, which, by the rules of law, give character to it, and not merely upon the stipulations of the parties that it shall belong to one class or the other.

*Id.* at 640–41 (quoting *Kellett v. Trice*, 66 S.W. 51, 53–54 (Tex. 1902)). "Thus, when one spouse passes to the other by gift his or her title to separate property, it could not become the community property of both, because the law declares that property so acquired shall be the separate property of the donee." *Kellett v. Trice*, 66 S.W. 51, 54 (Tex. 1902). For this reason, where one spouse "pretends to divest . . . whole separate title, does not convey it to [the other spouse], but declares that the instrument shall only operate to make the property belong to the community estate," the result "is not really a conveyance of . . . title . . . , but only an agreement by which a change in the character of such title is attempted, without the existence of the facts necessary, under the law, to effect the change." *Tittle*, 220 S.W.2d at 641 (quoting *Kellett*, 66 S.W. at 54).

As a result, the 1995 Deed, like the husband's deed in *Tittle*, both of which purported to convert separate property into community property, is invalid pursuant to the law in effect at the time. *See id.* at 640; *see also Taylor v. Hollingsworth*, 176 S.W.2d 733, 736 (Tex. 1943) ("It has been decided that where the property sought to be conveyed is indisputably the separate property of the wife, same can not [sic] be converted into community property by an agreement signed by

7

the wife and husband having that object in view, unless her act amounts to a conveyance such as is recognized by law."); *Celso v. Celso*, 864 S.W.2d 652, 655 (Tex. App.—Tyler 1993, no pet.) ("[s]pouses may not make a gift of their separate property to the community estate"); *Brown v. Brown*, 590 S.W.2d 808, 812 (Tex. App.—Eastland 1979, writ dism'd by agreement) (finding proper a trial court's finding that a purported transfer was a "nullity" where "[t]he court could properly conclude that the parties improperly attempted to change by mere agreement the character of the property from separate to community"); *cf.* TEX. CONST. art. 16, § 15 (amended in 1999 to add a provision that "spouses may agree in writing that all or part of the separate property owned by either or both of them shall be the spouses' community property"); Act of May 26, 1999, 76th Leg., R.S., ch. 692, §§ 3, 5, 1999 Tex. Gen. Laws 3292, 3293–94, 3295 (current version at TEX. FAM. CODE. § 4.203) (enacted in anticipation of the 1999 amendment to the Texas Constitution to require the signature of both spouses on any agreement to convert separate property into community property and providing it would only take effect if the constitutional amendment was approved by the voters); Texas Bill Analysis, Tex. H.B. 734, 76th Leg., R.S. (1999) (stating the purpose of amending the Texas Family Code by adding Section 4.203 was because, "[p]rior to the 76th Legislature, a person who was married or about to marry was authorized to enter into a marital agreement converting community property to separate property, but spouses could not have converted separate property to community property"). We conclude that the trial court correctly determined that the 1995 Deed was, in accordance with the laws in effect at that time, an invalid attempt to convert Odell's separate property into community property.

Even so, Durant argues that the 1995 Deed should be interpreted as a conveyance to Ella of a right of survivorship in Odell's separate property. Ella cites only *Holmes v. Beatty*, a case that dealt with rights of survivorship in community property, in support of her argument. *Holmes v. Beatty*, 290 S.W.3d 852, 855 (Tex. 2009) ("In 1987, the Legislature passed, and the Texas voters approved, a constitutional amendment authorizing rights of survivorship in community property."). She cites no authority in support of her position that she had a right of survivorship to Odell's separate property, and we have found none. *See* TEX. R. APP. P. 38.1(i). As a result, when Ella passed away, her life estate to the Property was extinguished.

We find that the summary judgment evidence presented by Lumberjack showed that it had title to the mineral interest in the Property due to deeds executed by Lorine and Clarence, that Lumberjack's title derived from Odell, and that its claim of title was superior to the claim made by Durant because the 1995 Deed on which Durant relied was invalid and passed no interest to Ella. As a result, we find that Lumberjack proved that there was no genuine issue of material fact and that it was entitled to judgment quieting title to the Property as a matter of law. We overrule this point of error.[3]

---

[3]Durant's brief argues that "the attorney fees award is based on the order granting summary judgment regarding the deed, and therefore, the attorney fees award should be set aside if the summary judgment regarding the deed is set aside." Because we have affirmed the trial court's judgment, we overrule Durant's conditional argument on attorney fees.

9

## IV.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    June 17, 2021
Date Decided:     July 21, 2021